### PHILLIP LICATA v. STATE OF FLORIDA

24 So. (2nd) 98                                     June Term, 1945
December 18, 1945                            Special Division A

*Cyrus W. Fields,* for appellant.

*J. Tom Watson,* Attorney General, *Reeves Bowen,* Assistant Attorney General, *Luther W. Cobbey,* County Solicitor, and *Charles H. Ross,* Assistant County Solicitor, for appellee.

BUFORD, J:

Appellant was informed against in the Criminal Court of Record in and for Hillsborough County by an information in two counts. The first court charged the defendant was aggra-

vated assault and the second count was in the following language:

"Luther W. Cobbey, County Solicitor for the County of Hillsborough, charges that Phillip Licata of the County of Hillsborough and State of Florida, on the 21st day of April, 1945, in the County and State aforesaid, did unlawfully and wilfully resist and obstruct and oppose K. C. Myers, Deputy Sheriff, in the execution of legal process and did then and there do violence to the person of the said K. C. Myers, Deputy Sheriff, contrary to the form of the Statute in such cases made and provided, and against the peace and dignity of the State of Florida."

It may be that the second count of the information was insufficient to charge any offense but, as it was not attacked, we will consider it in its most favorable light. The information appears to have been based on Section 843.01 Fla. Statutes, 1041, which is as follows:

"Resisting Officer With Violence to His Person.—Whoever knowingly and willfully resists, obstructs or opposes any sheriff, constable or other person legally authorized to execute process, in the execution of legal process or in the lawful execution of any legal duty, by offering or doing violence to the person of such officer or legally authorized person shall be punished by imprisonment in the state prison not exceeding two years, or by imprisonment in the county jail not exceeding one year, or by fine not exceeding one thousand dollars."

The second count of the information specifically alleged the violation of the first alternative of Sec. 843.01, supra, and the evidence showed conclusively that the alleged resistance was not offered to any attempted act of the deputy sheriff in the execution of legal process as was affirmatively alleged in the information. The evidence shows that the deputy sheriff was not armed with process of any sort. Therefore, the State failed to prove the material allegations of the information. See 44 C.J. page 870.

If the information had alleged that the defendant did knowingly and unlawfully resist and obstruct K. C. Myers, a deputy sheriff, in the performance of a legal duty, a different

question would have been presented. Under that allegation it would have been necessary for the State to prove that Myers was attempting to make an arrest which he had lawful authority to make without a warrant and, to support that charge, it would have been necessary for the State to prove that the defendant was at the time engaged in an act constituting a misdemeanor or a felony under the laws of the State of Florida, and to have alleged and proved what that misdemeanor was, and that the defendant was at the time and place engaged in the preparation of that misdemeanor or felony. It would not have been enough to prove that he was merely engaged in a fight because there is no statute which condemns the engaging in a fight except that which is denounced by chapter 785 Fla. Statutes 1941 and the statutes condemning assault and battery in which cases under the latter statutes the defendant may be exonerated by showing that he acted in self defense. In this case the defendant was charged with the crime of aggravated assault at the time and place of the arrest and was acquitted of that charge. Therefore, the record fails to show that the defendant was amenable to prosecution under either phase of Sec. 843.01, Statutes of 1941.

The judgment is, therefore, reversed.

So ordered.

CHAPMAN. C. J., TERRELL and ADAMS, JJ., concur.