## CHARLES WENRICH v. STATE OF FLORIDA

32 So. (2nd) 11      June Term, 1947
October 3, 1947      Special Division B

*Manuel M. Glover,* for appellant.

*J. Tom Watson,* Attorney General, and *Reeves Bowen,* Assistant Attorney General, for appellee.

ADAMS, J.:

The question presented by this appeal is whether the trial court erred by refusing to allow appellant to withdraw a plea of guilty and enter a plea of not guilty.

This is a matter involving the discretion of the trial judge and naturally we will not disturb the decision unless error is clearly apparent. For that purpose we review at some length the facts and circumstances inasmuch as we have come to the conclusion that the judgment must be reversed.

Appellant was a building contractor and suffered financial reverses which caused certain people, who had entrusted funds to him, to instigate prosecution for embezzlement. He was lodged in jail on October 17, 1946; was first brought before the court on December 16, 1946, and then only because he had indicated a willingness to plead guilty. In the meantime no warrant, or other papers, had been served upon him and he had been unable to procure an attorney or an appearance bond. During the period of incarceration, November 18, a regular term of the court was held at which time the docket was sounded; however, appellant remained in jail without receiving any consideration from the court or its officers. As to how long he may have remained there, unless he had indicated a willingness to plead guilty, we may only surmise.

There is conflict as to whether he had the advice of an attorney relative to the plea of giulty before it was entered. We do not attach a great deal of importance to that phase of the matter. Neither will we re-weigh the evidence. We are satisfied that the law was misapplied to the admitted facts. The law favors trials on the merits. Appellant formally appeared before the court in the first instance and plead guilty. In the second and last instances he formally disavowed guilt and offered to go to trial. As to whether the facts would sustain guilt we cannot say because the court made no inquiry therein. The whole testimony taken on the motion to withdraw the plea related to the mental condition of appellant at the time of the plea and his freedom from coercion. No inquiry was made into the merits of the case. We do not mean to hold that the trial court is obligated to make such an in-

quiry before accepting a plea of guilty, although it may be commendable practice to do so. In this instance we say it was error not to do so because of the nature of the case and the issue having been directly made by the motion to withdraw the plea. See Clay v. State, 82 Fla. 83, 89 So. 353; Casey v. State, 116 Fla. 3, 156 So. 282; Eckles v. State, 132 Fla. 526, 180 So. 764; Canada v. State, 144 Fla. 633, 198 So. 220.

The judgment is reversed for further proceedings.

THOMAS, C. J., TERRELL and BARNS, JJ., concur.