SEBRING, Justice.
This is an appeal from a judgment of conviction and sentence for breaking and entering a dwelling house with intent to commit petit larceny.
The appellant, Stratton, a 34-year old, well educated man, had been for 'several months employed in a Pensacola music store owned and operated by a husband and wife. In the early morning of April 10, 1952, while the husband was absent from the city, their home wa/s broken into and entered, but the prowler became frightened and made his escape when the wife, who was sleeping in the house, 'awakened and screamed.
Several days after this incident the appellant learned that he was wanted for questioning, verified this by a call to the police station, and told the police officer he would remain at his lodging house for an interview. Before the officers 'arrived there, Stratton left town and was not apprehended until some time later, when he was found in the State of Virginia.
After Stratton had been brought back to Florida by the Pensacola police officers, he typed out and voluntarily signed a confession and upon being arraigned he voluntarily entered a plea of guilty to the charge of breaking and entering the home in question with intent to commit petit larceny. After he had been adjudged guilty, but during the period sentence had been deferred by the court for the purpose of a presentence investigation, Stratton, by his attorney, filed a motion praying that he be allowed to withdraw his plea of guilty ■and enter a plea of not guilty; alleging in his motion that he had entered the plea “unadvisedly and without benefit of counsel;” that he had been ignorant of the consequences of his plea and that in making it he had been unduly influenced by the *865 police officers as to the legal effect thereof; that he had plead guilty to the offense charged in reliance upon the representation that if he pleaded guilty to the charge he would not be charged with any other criminal offense, and yet in spite of this representation the state had charged him with the crimes of assault with intent to commit rape and attempt to kidnap, based upon the same transaction as to which he had entered his plea of guilty.
Upon this motion a hearing wa>s conducted by the trial court, at which all the officers present at the time of the confession denied the alleged misrepresentations, in answer to the unsupported testimony of the appellant that the investigating officer dictated a portion of the confession typed by the appellant and told him that a plea to the breaking and entering charge would get him a “presentence investigation” — which, although not so informed, the appellant asserts he thought meant a suspended sentence. After hearing the issues at length the trial court denied the motion and entered the judgment and sentence appealed from.
We find no error in the ruling appealed. The matter of permitting withdrawal of the plea was purely discretionary. Section 909.13, Florida Statutes 1953, F.S.A. La Barbera v. State, Fla., 63 So. 2d 654. The petition was not verified or signed by the petitioner personally, and he clearly did not come within the rule applied in those cases where, because of extreme youth, inexperience, illiteracy, etc., a prisoner who pleads guilty without benefit of counsel may be permitted to withdraw his plea. Paul v. State, Fla., 73 So. 2d 677. To the contrary, it appears incontrovertibly that the defendant was a mature man, college-educated, and thoroughly competent to understand the charges against him. Under these circumstances, we are of the opinion that the court below did not abuse its discretion in finding that the petitioner failed to make it fairly appear that he was in ignorance of his rights or of the consequences of his acts, or that he was in fact a victim of apprehension, persuasion or other circumstances which would have required the court to set aside his plea. The ruling will therefore not be disturbed upon appeal. Wenrich v. State, 159 Fla. 492, 32 So.2d 11.
The judgment appealed from is affirmed.
MATHEWS, C. J., and TERRELL and ROBERTS, JJ., concur.