STURGIS, Chief Judge.
On December 13, 1955, five persons, including the appellant, being jointly charged with breaking and entering with intent to commit a felony, entered pleas of guilty. On December 27, 1955, which was prior to imposition of sentence, the appellant filed a motion for leave to’ withdraw his plea of guilty on the grounds, in substance, that he was indigent and without counsel when the plea was entered, that he was constrained to enter it because of fear of certain of his codefendants whom he had importuned not to commit the crime, and that he had no part in the breaking and entering. The trial judge, after taking testimony in respect thereto, denied the motion, and gave as his reasons:
“The circumstances, as related by the witnesses, insofar as they are harmonious, purely indicate a course of conduct on the part of this man that convinces the Court of his guilt beyond a reasonable doubt. He came into Court, voluntarily entered a plea of guilty, and the evidence fails to show any coercion or any circumstances that would justify the Court in setting aside that plea.”
The sole question here is whether such denial was an abuse of the discretion vested in the trial court by Section 909.13, Florida Statutes, F.S.A., to at any time before sentence permit a plea of guilty to be withdrawn. The burden rests on appellant to clearly demonstrate such an abuse. Collins v. State, Fla., 83 So.2d 6; Wenrich v. State, 159 Fla. 492, 32 So.2d 11.
The evidence produced before the circuit judge reflects that appellant, who was the oldest member of the group charged by the indictment, had many opportunities after his alleged discovery of their criminal intentions to divorce himself from their company, that he was not in fact indigent, and that although he did not actually enter the premises that were broken and entered, he was actively participating in the crime by his role as a lookout man, thus making him a principal according to law.
The conclusions of the trial judge on the evidence produced by the state in resistance of the motion are amply supported by his findings. It would serve no useful purpose to detail the distinctions between the case on appeal and those cited by appellant, which are inapplicable to the facts with which we are confronted.
Affirmed.
CARROLL, Donald K. and WIGGIN-TON, JJ., concur.