WARREN, LAMAR, Associate Judge.
The appeal herein arose from the judgment and the sentence, and the order of the lower court denying defendant’s motion for leave to withdraw her plea of guilty theretofore entered.
Defendant was charged with unlawfully having in her possession moonshine whiskey, to which she pleaded guilty. After judgment of guilty was entered, sentence being deferred, she filed her motion to withdraw the plea, signed by her and signed and sworn to by her attorney, which set out that she was ignorant and entered the plea without benefit of counsel; that it affirmatively appeared that she was not guilty of the offense, in that the whiskey was in the possession of a third person; and that the evidence was unlawfully obtained, the search warrant authorizing a search of premises other than defendant’s. She offered to go to trial promptly. An affidavit was also filed by her which, in addition to the above, related that neither the nature of the offense charged or the consequences involved were fully explained to her. The state filed its traverse and alleged that defendant appeared in open court and, after having been read the charge, entered a plea of guilty; that upon interrogation by the court, defendant admitted possessing a quantity of moonshine whiskey, and stated that she had been selling the same for half the profits.
Testimony upon the motion and the traverse followed on March 18, 1958, and the evidence of the defendant was to the effect that at the time she entered the plea she was not represented by counsel, that no one explained to her what her rights were, that she did not understand the nature of the offense charged and did not understand the meaning of the word “possession”; that the only thing she understood the judge to say was “who slipped the whiskey in your house?” She further testified that she rented a bedroom, to which she had no key and no right of entrance, to another person and that it was in this room the whiskey was found, which was locked at the time; that she did not pay for the whiskey that was seized, never sold any of it, received no money from its sale, had no physical control over it, and had nothing to do with it. Evidence was proffered that the search warrant described premises other than those occupied by the defendant. She admitted that while she said she had it there and was going to sell it, she was nervous, excited and had not been in court before, and that she was not going to sell it and did not know it was there.
There were indications in the record that she was illiterate. The state produced no witnesses. The court deferred its ruling.
On April 22, 1958, the defendant filed her motion to quash the information, alleging that the search warrant authorized a search of. a separate and distinct house from defendant’s. An order was entered April 25, 1958, on the motion to withdraw, denying the same, and it was judgment and sentence of the court that the defendant pay a fine of $2,000 and in default thereof be confined in the state prison for fifteen months.
In 14 Am.Jur., Criminal Law, § 287, there appears the following:
“Generally, however, it may be said that the withdrawal of a plea of guilty *58 should not be denied in any case where it is in the least evident that the ends of justice will! be subserved by permitting not guilty to be pleaded in its place. The least surprise or influence causing a defendant to plead guilty when he has any defense at all should be sufficient grounds for permitting a change of plea from guilty to not guilty. Leave should ordinarily be given to withdraw a plea of guilty if it was entered by mistake or under a misconception of the nature of the charge, through a misunderstanding as to its effect; through fear, fraud or official misrepresentation; was made involuntarily for any reason; or even where it was entered inadvisedly, if any reasonable ground is offered for going to the jury. If such a plea has been received by the court without observance of the precautions and solemnities required by law, the court should permit the plea to be withdrawn. On the other hand, if a defendant, with full knowledge of the charge against him and of his rights and the consequences of a plea of guilty, enters such a plea understandingly and without fear or persuasion, the court may, without abusing its discretion, refuse to permit him to withdraw it.”
The supreme court, in Rubenstein v. State, Fla., 50 So.2d 708, 709, stated that
“In the case of Canada v. State, 144 Fla. 633, 198 So. 220, we held that the withdrawal of a plea of guilty should not be denied in any case where it is in the least evident that the ends of justice will be subserved by permitting a plea of not guilty in its place. Courts ordinarily will permit a plea of guilty to be withdrawn if it fairly appears that the defendant was in ignorance of his rights and of the consequences of his acts, or was influenced unduly and improperly, either by hope or by fear in making it, or if it appears that the plea was entered under some mistake or misapprehension. The plea of guilty should not be induced by fear, persuasion, promises, inadvertence or ignorance. See Pope v. State, 56 Fla. 81, 47 So. 487, 16 Ann.Cas. 972; Clay v. State, 82 Fla. 83, 89 So. 353; Brown v. State, 92 Fla. 592, 109 So. 627; Nickels v. State, 86 Fla. 208, 98 So. 497, 502, 99 So. 121; Casey v. State, 116 Fla. 3, 156 So. 282; Eckles v. State, 132 Fla. 526, 180 So. 764; Sinclair v. State, 133 Fla. 77, 182 So. 637; Artigas v. State, 140 Fla. 671, 192 So. 795; Wenrich v. State, 159 Fla. 492, 32 So.2d 11.”
See, also, Collins v. State, Fla., 83 So.2d 6, where the court below questioned the defendants at length as to whether or not they understood the nature of the charge and the possible and probable consequences to them in the event they pleaded guilty, and the lower court was affirmed, which had denied a motion for leave to withdraw pleas of guilty; and Asbey v. State, Fla. App., 102 So.2d 407, where the defendant was not so questioned, which, together with other reasons, resulted in reversal. Where a defendant did not understand the meaning of the plea he entered, it was held in Fox v. State, 112 Fla. 104, 150 So. 228, to be harmful error to deny his motion to withdraw the plea.
In Pope v. State, supra, it was said that the law favors trials on the merits and if the discretion of the trial court is abused in denying leave to withdraw a plea of guilty and to go to trial on the merits the appellate court may interfere.
While the question whether the lower court erred in denying defendant’s motion to withdraw her guilty plea is a close one, we feel that in view of the entire record justice would have been better served if the motion had been granted. Her illiteracy and ignorance appear in the record; it was not shown that she was advised of her rights and the consequences of the plea; there is a question whether the whiskey was in her possession; and the validity of the search should be resolved.
*59 The cause is reversed, with directions to set aside the judgment and sentence and grant the motion to withdraw the plea of guilty, and for further proceedings in accordance with this opinion.
ALLEN, Acting Chief Judge, and SHANNON, J., concur.