SANDLER, HARRY N., Associate Judge.
Defendant in the trial court, appellant here, appeals from a judgment and sentence entered pursuant to a plea of guilty to an information containing two counts, one charging breaking and entering, and the second charging grand larceny. The only error assigned is that the trial court erred in denying defendant’s motion to withdraw his plea of guilty and be permitted to enter a plea of not guilty, which motion was filed January 28, 1960, but was not sworn to either by the defendant or his counsel. The ground relied upon in the said motion, in substance, is that the defendant was not taken by the arresting officer to a committing Magistrate in compliance with the provision of Sections 901.06, 902.01 and 902.03, F.S. 1959, F.S.A. The purpose of the several provisions of the statute is to require the arresting officer to take the defendant before a committing Magistrate so that he may be advised of his rights in accordance with the provisions of Section 902.01.
The defendant was arrested in Suwanee County on January 12, 1960, and incarcerated in the County Jail at Live Oak, Florida, by virtue of a warrant issued by the Justice of the Peace in Polk County. Shortly after his arrest, two Deputy Sheriffs from Polk County arrived and after several hours transported the defendant to the Polk County jail where he was lodged in the early morning hours of January 14th. On January 14th an information was filed by the Solicitor at which time defendant entered a plea of guilty. Sentence was deferred and finally pronounced on July 26, 1960.
The law is too well settled to require the citation of authorities that the granting of a motion to withdraw a plea of guilty and substitute one of not guilty rests within the sound judicial discretion of the court, subject to review by the Appellate Court for abuse of such discretion. To determine this question we must, of course, look to the facts in the particular case. The fact that the defendant was not taken before a Magistrate in compliance with provisions of the statute, while a violation of his rights, does not deprive the County Solicitor of the right to file a direct information. DiBona v. State, Fla.App., 121 So.2d 192. It is likewise well settled that on a motion to withdraw a plea of guilty, the burden rests on the defendant to clearly demonstrate an abuse of discretion vested in the trial court to permit the plea to be withdrawn. Fryer v. State, Fla.App., 102 So.2d 41. Collins v. State, Fla., 83 So.2d 6. This is not a case where the defendant claims to have entered a plea of guilty by reason of apprehension, ignorance, surprise, fear, or the like.
“Where motion to set aside pica of guilty did not allege that defendant was victim of apprehension, surprise, hope, persuasion, fear, ignorance or other circumstance which would have justified court in setting aside plea, and motion was neither verified nor signed by defendant, court did not abuse discretion in denying motion.” La Barbera v. State, Fla., 63 So.2d 654.
The failure of an arresting officer to comply with the statute, while not to be condoned, did not in the instant case result in any deprivation of the rights of the defendant. By reason of the defendant’s previous experiences or brushes with the law and the courts, he was well aware of his rights under the circumstances and particularly the right to secure counsel. Testimony was taken on the motion to withdraw the plea, before the trial judge, and the testimony is clear and unequivocable that the defendant was advised and knew of the charge against him and offered to plead guilty in the hope that his accomplices would receive leniency. In response to a question at the hearing,
*237 "Do you know who gives sentences ?”
the defendant answered,
“Mr. Amidon usually gives them— every time I ever been up here, he has.”
The court, towards the conclusion of the hearing, made the following statement into the record:
“The Court knows of its own knowledge that this man has been in Court enough to know what his rights are. I recall when he came to Court he was asked if that was what he wanted to do; he said it was. That’s all the Court knows about it.”
Likewise, the following remark by the Court appears in the record:
“He has been in this court and knows he can get an attorney merely by asking for one.”
The testimony by one of the deputies is that in response to an inquiry as to whether he had an attorney, the defendant replied:
“No, I did it and I don’t need an attorney.”
It is unnecessary in this case to rely on the rule that the burden is on the defendant or appellant to establish an abuse of discretion. The failure of the arresting officer to take the defendant before the committing Magistrate for the purpose of being advised of his rights did not in this case deprive the defendant of any rights due him, it being well established by the record that from his previous experience with the court and the law he was already well so advised.
We fail to find an abuse of discretion on the part of the trial judge and accordingly the judgment and sentence appealed from are affirmed.
KANNER, Acting C. J., and WHITE, J., concur.