142 So.2d 152 (1962)
James Stanley ROBERTS, Appellant,
v.
STATE of Florida, Appellee.
No. 61-448.
District Court of Appeal of Florida. Third District.
June 12, 1962.
*153 Watkins & Gomez, Key West, for appellant.
Richard W. Ervin, Atty. Gen., Herbert P. Benn, Asst. Atty. Gen., and Allan B. Cleare, Jr., Key West, for appellee.
Before PEARSON, TILLMAN, C.J., and HORTON and HENDRY, JJ.
HORTON, Judge.
The defendant was arrested by deputy sheriffs Gately and Brown of Monroe County, Florida. Informations were filed charging him with vagrancy and resisting arrest with violence. He was arraigned, waived the right to trial by jury and entered a plea of not guilty to the charge of vagrancy and guilty to the charge of resisting arrest with violence. The trial court found the defendant guilty on both charges, deferred sentencing on the charge of vagrancy and sentenced him to a term of six months to two years in the state correctional institution on the charge of resisting arrest with violence. Due to a faulty recording machine, no record of the proceedings to this point is available. Subsequently, the defendant filed a motion to set aside the judgment of conviction and for leave to withdraw his plea of guilty and enter a plea of not guilty. The motion alleged, inter alia:
"1. Defendant is an ignorant Negro, unfamiliar with court procedures, and at the time of entering his plea of guilty was confused and afraid; he was not represented by an attorney; he was not asked if he had a lawyer, or if he wanted a lawyer; he did not realize or comprehend the seriousness of the offense with which he was charged or that he could be sent to prison if found guilty of said charge or that said charge was a felony; defendant states that if it had been explained clearly to him that he was charged with a felony, he would not have pled guilty; defendant was under the impression that he was in court for vagrancy and fighting with a deputy sheriff and would merely be fined; it was only when defendant was sentenced to prison that he realized and comprehended the seriousness of the offense charged *154 and that it was something other than he thought or was lead to believe.
* * * * * *
"4. Defendant states that an information was filed against him, he was arraigned, pled guilty, tried, convicted and sentenced all on the morning of June 29, 1961; that all these events occurred so swiftly that he did not really know what was going on; that at no time during these proceedings was he clearly advised of the seriousness of the offense with which he was charged or of his constitutional rights in these circumstances.
"5. The defendant states that he is not guilty of the offense with which he was charged; that he has a valid defense to the same; that he was unlawfully seized and arrested; that his arrest was void ab initio; * * *.
"6. Defendant states that if the judgment of conviction is set aside and a plea of not guilty is allowed to be substituted for the plea of guilty, defendant desires and demands a trial by jury and is ready to proceed to trial immediately."
Hearing was held at which the defendant testified in support of the motion and deputies Gately and Brown testified in opposition thereto. The testimony of Gately and Brown indicates that they had been observing the actions of the defendant for a period of two years and had for some time been convinced that he was a vagrant. Ultimately they set out, without a warrant, to find the defendant and arrest him for vagrancy.[1] After hearing, the trial court denied the motion and the defendant brought this appeal.
Basically the defendant contends that the trial court's denial of the motion was an abuse of discretion. We find this contention has merit.
A motion to set aside judgment of conviction and to vacate a plea of guilty and substitute therefor a plea of not guilty is addressed to the sound judicial discretion of the trial court,[2] subject to review by an appellate court[3] which will interfere only if the appellant can show[4] that there was an abuse of discretion.[5]
Some of the principles to be borne in mind in determining whether there has been an abuse of discretion in *155 such a case are: a plea of guilty should be entirely voluntary by one competent to know the consequences and should not be induced by fear, misapprehension, persuasion, promises, inadvertence or ignorance[6]; a defendant should be allowed to withdraw a plea of guilty, given inadvisedly, when application is duly made in good faith and sustained by proofs, and proper offer is made to go to trial on a plea of not guilty[7]; the law favors trial on the merits[8]; the withdrawal of a plea of guilty should not be denied in any case where it is in the least evident that the ends of justice will be subserved by permitting not guilty to be pleaded in its place[9].
We have carefully reviewed the record in this case in the light of the principles enunciated above and conclude that the trial court erred in denying the defendant's motion and that the ends of justice will be subserved by allowing him to withdraw his plea of guilty and substitute therefor a plea of not guilty. Many factors have led to this conclusion. The defendant is an ignorant Negro who was obviously confused at the time he entered his plea of guilty and failed to understand the nature of the charges placed against him[10]. To add to his confusion, he was arraigned, tried, convicted and sentenced all in one morning. No record was kept of the proceedings up to the time of his conviction. The defendant has made proper offer to go to trial on a plea of not guilty. Further, it appears he has a meritorious defense, i.e., that the arrest he is alleged to have resisted was an unlawful one. As to this latter point, § 843.01, Fla. Stat., F.S.A., provides:
"Whoever knowingly and willfully resists, obstructs or opposes any sheriff, deputy sheriff * * * in the execution of legal process or in the lawful execution of any legal duty, by offering or doing violence to the person of such officer * * * shall be punished by imprisonment in the state prison not exceeding two years, or by imprisonment in the county jail not exceeding one year, or by fine not exceeding one thousand dollars." [Emphasis supplied]
The record indicates that deputies Gately and Brown were not armed with process of any sort. It is therefore incumbent upon the state to prove that they were attempting to make an arrest which they had lawful authority to make without a warrant[11].
Section 901.15, Fla. Stat., F.S.A., is general in nature and defines the circumstances under which an officer of the law may arrest without a warrant. We do not find any such circumstances existing in this case.
Section 856.03 Fla. Stat., F.S.A., which is set out in part below,[12] is particular *156 in nature and defines the circumstances under which an officer of the law may arrest an alleged vagrant without a warrant. This statute does not clothe officers of the law with authority to arrest without warrant in all cases of vagrancy. Such authority exists only in those cases where the delay involved in procuring a warrant would probably enable the alleged vagrant to escape[13]. Such is not the case where, as here, an officer has beforehand knowledge of the alleged vagrancy accumulated during two years of observation and finally goes out in search of the alleged vagrant with the avowed purpose of making an arrest without a warrant. In such a case the officer must follow the procedure set forth in the first paragraph of the statute and obtain a warrant.
We are not convinced of the merit in appellant's contention that the able trial judge failed to inform him of his right to be represented by counsel or that the offense to which he entered a plea of guilty was a felony. However, we are convinced that the appellant, as demonstrated by the record, was ignorant of his rights and failed to understand that he was pleading guilty to an offense warranting incarceration in the state prison. This has led us to the conclusion that the trial court erred in denying appellant's motion to set aside the judgment of conviction and for leave to withdraw his plea of guilty and enter a plea of not guilty. Further, since the testimony of the arresting officers establishes the illegality of the arrest out of which the alleged crime of resisting arrest with violence arose, we conclude that no lawful charge or prosecution for this crime could be maintained against the appellant.
Accordingly, the judgment of conviction appealed is reversed and the cause remanded with directions to quash the information and discharge the appellant.
Reversed and remanded with directions.
NOTES
[1] On cross examination, deputy sheriff Gately testified:

"Q  Gately, did you have a warrant for this man's arrest?
"A  No, sir.
"Q  What did you go down there to arrest him for?
"A  We went down thereto arrest for vagrancy. * * *"
On cross examination, deputy sheriff Brown testified:
"Q  Brown, when this defendant was arrested, did you have a warrant for his arrest?
"A  I did not at the very beginning because the man was a known vagrant to me; he was outside of a barroom. * * * I have seen the man wanderdering from place to place without lawful object, and I originally made a charge of vagrancy against the subject on my sight. I made a sight arrest of vagrancy because I knew what I was doing.
"Q  And did you know he was a vagrant?
"A  I knew he was a vagrant.
"Q  And did you know that he worked the week before * * *?
"A  * * *, I have seen him for the past couple of years. He's not a man who's been continuously employed. He's without work; he stays around houses of ill repute; he wanders around from place to place."
[2] Section 909.13, Fla. Stat., F.S.A.
[3] Banks v. State, Fla.App. 1961, 130 So.2d 73; Asbey v. State, Fla.App. 1958, 102 So.2d 407; La Barbera v. State, Fla. 1953, 63 So.2d 654.
[4] Simmons v. State, Fla.App. 1961, 132 So.2d 235; Fryer v. State, Fla.App. 1958, 102 So.2d 41; Asbey v. State, supra; Collins v. State, Fla. 1955, 83 So.2d 6.
[5] Artigas v. State, 140 Fla. 671, 192 So. 795; Brown v. State, 92 Fla. 592, 109 So. 627.
[6] Rubinstein v. State, Fla. 1951, 50 So.2d 708; Pope v. State, 56 Fla. 81, 47 So. 487.
[7] Ward v. State, 156 Fla. 185, 22 So.2d 887; Canada v. State, 144 Fla. 633, 198 So. 220.
[8] Ward v. State, supra; Artigas v. State, supra; Brown v. State, supra.
[9] Canada v. State, supra.
[10] This is best illustrated by the fact that the defendant pleaded guilty to the felony of resisting arrest with violence and not guilty to the misdemeanor of vagrancy upon which the resisted arrest was allegedly predicated.
[11] Licata v. State, 156 Fla. 692, 24 So.2d 98.
[12] "Upon proper information made upon oath before an officer authorized to act in such cases he shall issue his warrant for the arrest of any person therein named or described who is charged therein with being a vagrant under any of the provisions of § 856.02, and such warrant shall be executed by any sheriff, constable, policeman, or by private person duly authorized thereto by the officer issuing such warrant.

"Any sheriff, constable, policeman or other lawful officer may arrest any vagrant * * * without a warrant in case delay in procuring one would probably enable such alleged vagrant to escape arrest. * * *" [Emphasis supplied.]
[13] Cf. Rinehart v. State, Fla.App. 1959, 114 So.2d 487.