142 So.2d 308 (1962)
H. Frank MORGAN, Appellant,
v.
STATE of Florida, Appellee.
No. 2407.
District Court of Appeal of Florida. Second District.
June 13, 1962.
*309 Carl G. Swanson, Jacksonville, for appellant.
Richard W. Ervin, Atty. Gen., Tallahassee, and Robert R. Crittenden, Asst. Atty. Gen., Lakeland, for appellee.
KANNER, Judge.
Error on the part of the trial judge is asserted on this appeal by defendant-appellant under two questions which involve rulings of the court below, (1) the judge's refusal to permit defendant to withdraw pleas of guilty and to enter pleas of not guilty to the offenses charged and (2) his denial of access by defendant to a report by the Florida Parole Commission of the presentence investigation ordered by and filed with the judge.
The procedural steps in the cause occurred in the sequence outlined below. On October 3, 1960, two separate informations, each charging defendant with grand larceny, were lodged; appellant was arraigned on October 12 and entered pleas of not guilty to both informations. On November 15, he appeared with his counsel and applied to the court for permission to withdraw his pleas of not guilty and enter pleas of guilty. This was granted by the court. At that time, appellant's counsel requested that a presentence investigation be made, and on that same date this was authorized by the court. On January 25, 1961, the court adjudged appellant guilty of the crimes charged and sentenced him to serve two years on each information, the sentences to run concurrently. Appellant filed a motion on January 30 to vacate the judgments and sentences and to withdraw the pleas of guilty. On February 15, after hearing, the trial court entered its order denying that motion.
The motion thus denied was neither verified nor signed by defendant but was an unsworn motion signed by defendant's attorney. It recited that defendant, through his attorney and his investigator, had contacted the office of the parole commission in Jacksonville, Florida, to ascertain if it would recommend probation and had been advised through his attorney and his investigator that probation would be recommended. According to the motion, defendant was much surprised that the report did not recommend probation, that he was unable to see the report, and that he would not have entered the guilty pleas had he known he would not be recommended.
Included in the testimony heard by the court on the motion was that of one Smith, a private investigator and friend of defendant. Prior to the time when the pleas of guilty had been entered, Smith related, defendant requested him to "contact the officers in the Duval County Court House to ascertain from the probation office if in their opinion he was a fit and suitable person for probation." What he did, Smith said, was to contact a Mr. Carlton, requesting him to make the inquiry for the purpose stated; Carlton in turn conveyed the information to Smith who then informed defendant that the "probation office" had told him that "they thought he would pass for probation" and that "they said that they would accept him as recommended if recommended."
Defendant testified that before entering his pleas of guilty, he made the request of *310 Smith to see the probation officials and Smith told him the Jacksonville office would recommend probation. Defendant stated that he would not have entered the guilty pleas had he known he would not be recommended for probation. Upon examination by the trial judge, defendant responded that he did not talk directly to any representative of the parole commission before entry of his pleas of guilty; also that he did have advice of counsel and talked the matter over with counsel before entering the guilty pleas.
Supervisor of the Florida Parole Commission office in Jacksonville testified that he was the only supervisor in Jacksonville who had anything to do with the presentence investigation of defendant, that prior to entry by defendant of his pleas of guilty he was not contacted by either Smith or Carlton as to what would be done in the event a presentence report were made. He stated that he had inquired in the Jacksonville office among the rest of the personnel relative to whether they had made promises to Smith or Carlton that defendant would be put on probation and had learned that no one gave any promise at any time. He explained that it was contrary to policy to offer any such promises, that only a partial investigation was made by the Jacksonville office, with the full presentence investigation report having been rendered by the Orange County branch, and that he did only the background information.
A court may in its discretion at any time before sentence permit a plea of guilty to be withdrawn and, if judgment of conviction has been entered on it, may set aside such judgment and allow a plea of not guilty to be entered. Section 909.13, Florida Statutes F.S.A. If the motion is denied, defendant, on appeal, is charged with the burden of clearly demonstrating that the denial of the motion constitutes an abuse of discretion by the trial court. Simmons v. State, Fla.App. 1961, 132 So.2d 235 and Fryer v. State, Fla.App. 1958, 102 So.2d 41.
Defendant has assumed that the report rendered was unfavorable; yet the record without dispute shows that the contents of the report had not been divulged. The trial court could have denied defendant's request that a presentence investigation be made; this is a discretionary matter. In any event, the report had no binding effect upon the judge either as to the granting or refusal of probation. At the time of entry of the guilty pleas, defendant was 39 years of age; he is not illiterate; and before entering the guilty pleas, he was represented by counsel, discussed the matter with and was advised by him.
In cases of this kind, a motion to withdraw a plea of guilty should be granted if the plea of guilty was induced by apprehension, surprise, hope, persuasion, fear, ignorance, mistake, or promise, or other circumstances which put the defendant at a disadvantage in protecting his rights. Stratton v. State, Fla. 1955, 77 So.2d 864; La Barbera v. State, Fla. 1953, 63 So.2d 654; Rubenstein v. State, Fla. 1951, 50 So.2d 708; 9 Fla.Jur., Criminal Law, section 160, pages 186-190.
Defendant has not demonstrated existence of any of the requisite elements so as to substantiate his contention that the trial court, in denying his motion, abused his judicial discretion.
The Florida jurisdiction has not indicated the status of a presentence investigation report, either through the medium of judicial pronouncement or legislative declaration. Defendant urges that the prerogative of an accused to see a report against him is basic and fundamental and that to deny him this right is to allow hearsay evidence to stand against him, depriving him of cross-examination and confrontation of witnesses.
In Banks v. State, Fla.App. 1962, 136 So.2d 25, the appellate court commented in setting forth the facts of the case that "a report of the presentence investigation was before the court but was not placed in the *311 record because of its confidential nature." In an article dealing with sentencing procedures found in 26 F.R.D. 233, (1959) the confidentiality of presentence reports is discussed at page 329, with the statement made, as to differences in jurisdictional opinion, that in 65 federal districts the report is available only to the sentencing judge, that in 30 districts interested parties have access to it, and that in 11 districts the defense counsel may examine the report.
A leading case on this subject is that of Williams v. New York, 1949, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337. The Supreme Court of the United States affirmed a conviction of murder and imposition of a sentence of death despite a recommendation from the jury that a life sentence be imposed. The judge, who was authorized in his discretion to impose a death penalty, had access to a presentence investigation report, together with information which had been obtained subsequent to the trial but which was not of such a nature as to have been admissible before the jury. It was indicated that the restrictions imposed by rules of evidence in regard to a trial are not applicable to presentence procedures, for the sentencing judge is not confined to the narrow issue of guilt. There was also discussed the important role played by reports from probation authorities in furnishing information about a defendant's life and characteristics, and remarked:
"We must recognize that most of the information now relied upon by judges to guide them in the intelligent imposition of sentences would be unavailable if information were restricted to that given in open court by witnesses subject to cross-examination. And the modern probation report draws on information concerning every aspect of a defendant's life. (Footnote reference omitted). The type and extent of this information make totally impractical if not impossible open court testimony with cross-examination. Such a procedure could endlessly delay criminal administration in a retrial of collateral issues."
The case of United States v. Durham, D.C., 1960, 181 F. Supp. 503, considered a situation wherein a motion had been made by a defendant requesting an opportunity to inspect a probation officer's report of the presentence investigation as was done here. Judge Holtzoff of the District Court of the District of Columbia denied the motion, stating:
"It is not the practice to permit the defendant or his counsel or any one else to inspect reports of presentence investigations. Such reports are treated as confidential documents. They are not public records. The reason is obvious. Such reports, in order to be helpful to the Court, must of necessity contain a considerable amount of information that may be obtained, on occasion, in confidence. So, too, the Probation Officer must feel free to make comments and suggestions that may prove to be of value to the Court.
"Rules of evidence are not applicable to the imposition of sentence. In fact, it has been the traditional practice, even before the system of presentence investigations was introduced, for the Court to receive information in confidence which the Court might or might not disclose to the defense, as the Court saw fit, that might bear upon the question of what sentence should be imposed.[1] The custom of treating reports as confidential documents is merely a continuation of the prior practice. If these reports were made public and were available to counsel as a matter of right, I am sure that their value would be much reduced, because a great deal of information now generally contained in them would not be available."
(The footnote above refers to the previously cited case of Williams v. New York, supra).
*312 Certiorari was denied by the United States Supreme Court in Durham v. United States, 1960, 364 U.S. 854, 81 S.Ct. 83, 5 L.Ed.2d 77. United States v. Greathouse, D.C. 1960, 188 F. Supp. 765, adhering to the Durham pronouncement, declared that a presentence report is not a public record but rather a confidential document for use by the judge as an aid in determining a fair sentence and that defendant was not entitled to inspect the report.
Looking next to authority now extant in Florida as it may apply to the discretion of a trial judge in ordering and utilizing such a report, it is obvious from the pertinent statutory provisions that he may in his discretion avail himself of the presentence investigatory and probation processes but is not compelled to do so. Chapter 948, Florida Statutes, F.S.A., empowers but does not require the trial court to order a presentence investigation into the character and background of an accused. Section 948.01(2) indicates that when requested by the court, "* * * it shall be the duty of the commission to make an investigation and report in writing at a specified time to the court upon the circumstances of the offense, the criminal record, the social history, and the present condition of defendant together with its recommendation." In section 948.01(3) the court in its discretion and based upon a hearing of the matter may either adjudge defendant guilty or stay and withhold the adjudication of guilt and, in either case, stay and withhold the imposition of sentence, substituting therefor a period of probation under the supervision and control of the parole commission.
A sentencing judge is concerned with the human equation, which comprises broadly defined considerations; conversely, rules of trial evidence and procedure circumscribe within a limited and defined scope the factors which may be deemed pertinent to the guilt or innocence of an accused as to some specific offense. The subject of a trial is a defendant, or one who is resisting the charge against him. When the time of sentencing arrives, this role has changed and he, instead, is one already convicted, either by his own admission or by the evidence notwithstanding his defense. Through the presentence investigation uninhibited truths may be gleaned which might or could aid him; and the scrutiny of the investigatory report by the judge is for a purpose separate and apart from the purpose of a trial. The penalty range is statutorily prescribed; and in order to arrive at a just and fair sentence within that range, the judge must regard the total person. Factors entering into his analysis are matters such as the subject's personal characteristics and proclivities, an evaluation of him in the light of environmental influences which were brought to bear in making him what he is and which may have led to commission of the offense charged, his moral status among his fellow men, and whether his past record of performance speaks in his favor or disfavor. These are not things which lend themselves to the restrictions of trial practice and the rules of evidence. To strip a presentence investigation report of its confidentiality would be to divest it also of its importance and value to the sentencing judge, because there might be lacking the frankness and completeness of disclosures made in confidence. The impracticability of regarding and using such a report as a public or trial document is further demonstrated by the delay which would hamper the efficient disposition of a case, since collateral matters or considerations such as have been referred to above could become multiple subjects of a trial proceeding. We deem it the better view that a presentence investigation report should be treated as a confidential compilation of information for the use of the sentencing judge and not as a public document.
It follows that the judgments of conviction and sentences protested are affirmed.
Affirmed.
ALLEN, A.C.J., and WHITE, J., concur.