### CITY OF HOLLYWOOD v. WHYTE.
No. 67-1595.

Circuit Court, Broward County, Criminal Appeal.

April 11, 1968.

Brian T. Hayes of Parkhurst & Hayes, Fort Lauderdale, for appellant.

Frederick Leopold, Hollywood, for appellee.

JOHN H. MOORE, II, Circuit Judge.

This appeal was prosecuted from the municipal court of the city of Hollywood by the defendant therein, Howard Thomas Whyte, Jr., to this court pursuant to F.S. 932.52.

The appellant was charged with public intoxication and resisting arrest, violations of the ordinances of that municipality, and on the 21st day of February, 1967, after trial on his plea of not guilty, the court, Arthur Franza, J., found him guilty on both charges and entered judgment thereon.

Judgment and conviction reversed and vacated.

The charges below stem from an incident occurring on the 15th day of January, 1967, in the early hours of the morning within the corporate limits of the city of Hollywood. At that time the appellant was sleeping in his vehicle which was parked in a shopping center near the place of employment of his wife.

whose occupation was that of a barmaid. Testimony at the trial indicated that this was his custom and that he had done so on previous occasions. The testimony indicates that near the hour of 3 A.M. on that day, a patrolman, one Officer Frank, observed the vehicle of the defendant and proceeded over to it. As he approached the vehicle, his testimony indicates he did not have any intentions of arresting the defendant, but merely of putting him in a cab to get him home. In the course of this endeavor, the officer opened the car door of the defendant's vehicle and shook him a few times attempting to awaken him and while doing so was struck at by the appellant. Thereafter a scuffle followed in which the officer testified he "knocked the defendant to the ground four times" after the appellant had swung at him. Thereafter, the defendant was taken in the officer's vehicle to the city police station where he was booked and charged with public intoxication and resisting arrest with violence, the officer determining that the appellant was intoxicated.

It is important to note that the officer throughout the trial testified that as he approached the defendant he had no intentions of arresting him and, in fact, stated on cross-examination —

"He did not appear to be a vagrant but it did appear he was sleeping."

The officer further stated in his testimony —

"I shook him, I had a little difficulty in waking him."

At this point in the trial and during the officer's testimony, the officer was asked if he had a warrant for the arrest of the defendant or had suspicions that the defendant had recently committed a felony, and upon the negative response, the appellant moved the court for an immediate dismissal of the charges pursuant to the provisions of F.S. 901.15, which statute requires that the commission of a misdemeanor or violation of a municipal ordinance be committed in the presence of an officer as a prerequisite to an arrest without a warrant. The court after considering said argument agreed "it is a close question", but overruled the motion.

Unquestionably, the officer in question did not have a warrant for the arrest of the defendant. Further, it is obvious from the testimony in this case that all that the officer observed in his

presence was a man sleeping in his car. There is no evidence in this record nor was the defendant charged with a vagrancy ordinance violation. Further, the court must note that the record does not reflect that the city of Hollywood makes it a misdemeanor to sleep in a vehicle in the night season. This being so, it is abundantly clear that the officer did not view the violation of a municipal ordinance being committed in his presence; he merely observed the defendant asleep in his vehicle. It is highly unlikely that the purpose of this municipal ordinance was intended for such situations. The court, therefore, finds and holds that the lower court erred as a matter of law in refusing to dismiss the case upon motion timely made by the appellant based upon the illegality of said arrest under the provisions of F.S. 901.15 previously cited which regulates arrests without warrants for misdemeanors and violations of municipal ordinances, and hence govern in this situation.

Relative to the resisting arrest charge, the court finds that the officer having instigated by unlawful means and without benefit of warrant the entire situation, the defendant's conviction on that count must also fall. The court finds as a matter of law that the resisting arrest ordinance of the city of Hollywood, inasmuch as it is patterned upon F.S. 843.01, must be bound by the same limitations of that statute. Clearly the dictates of the statute require ". . . in the execution of legal process . . ." as a prerequisite to a conviction under that statute, see Licata v. State, 24 So.2d 98 (1946). The proposition is well established that a person cannot be convicted of resisting an arrest which is thoroughly unlawful. Inasmuch as the appellant's arrest and confrontation were without benefit of warrant and in violation of the provisions of F.S. 901.15, his conviction for the resistence of that arrest cannot stand.

This court therefore finds that the appellant's objection was timely made and that the trial court erred as a matter of law in overruling his motion to dismiss. Inasmuch as the motion was renewed at the close of all the evidence, its overruling was and is reversible error. The conviction appealed from is set aside, the judgment is reversed, and the defendant discharged.