PER CURIAM.
The appellant was found guilty after a non-jury trial of (1) unlawful possession of marijuana and (2) unlawful sale of marijuana. On this appeal the only point addressed to the judgment urges that the evidence before the court was insufficient to sustain the finding of guilty. The appellant relies upon Kilbee v. State, Fla.1951, 53 So.2d 533, and Pinder v. State, Fla.1951, 53 So.2d 639. In both cases the Supreme Court of Florida revérsed judgments of guilt because the state failed to establish beyond a reasonable doubt each element of the crime charged. We have reviewed the record before us in the light of these cases. We hold that the evidence introduced by the state established beyond a reasonable doubt each element of the two crimes of which the appellant stands convicted.
The appellant’s remaining points are directed to the propriety of the sentence. He urges first that it was error for the court to refuse to reveal to him the contents of the presentence investigation report. This contention is without merit; the refusal was correct because of the confidential nature of such a report. Morgan v. State, Fla.App. 1962, 142 So.2d 308.
The appellant contends next that the trial judge believed he was bound by the report. A presentence investigation report has no binding effect upon a trial judge, Morgan v. State, above, at 310; but we find nothing in the record to support the appellant’s contention.
The state in its brief has conceded that because the trial court first sentenced the appellant and then entered an amended *496 order of probation, it is unclear what sentence was imposed upon the appellant. Therefore, in the interest of justice to all concerned, we remand the cause for clarification of sentence.
- The judgment of guilt is affirmed and the cause is remanded for the imposition of an unambiguous sentence.