PER CURIAM.
The appellee was the defendant in the Municipal Court of the City of Miami. He was charged with failure to register a weapon under Docket #69-8111, and with unlawfully carrying a concealed weapon under Docket #69-8112.
Under the former charge, he was convicted and sentenced to pay a fine of $250.-00 or, in default thereof, to serve thirty days. Under the latter charge, he was convicted and sentenced to thirty days or a fine of $250.00. Both docket entries indicate that the sentences were to run concurrently with the other.
The appellee filed a petition for habeas corpus in the circuit court, contending he was being illegally restrained because he was illegally charged as to the concealed weapon. Following return by the City, the circuit judge entered an order discharging the appellee from both sentences under the municipal court convictions.
We find no error in the circuit court’s action relative to the concealed weapon charge and affirm the discharge as to this offense. However, we find no basis for the circuit court’s order discharging the appellee from the conviction and sentence relating to possession of an unregistered gun [under Docket #69-8111]. The ap-pellee contends that, pursuant to the authority of Roberts v. State, Fla.App.1962, 142 So.2d 152, one of the convictions being illegal and void the other must also be, because it arises out of the same circumstances. The distinguishing feature between the cited case and the case at bar is that in the former the arrest was illegal and, therefore, the search and fruits therefrom could not be used to convict the defendant therein. In the instant case, there is no contention that the arrest of the appellee was illegal in the first instance. The only contention is that one of the prosecutions was void. Therefore, we fmd the decision in the case of Roberts v. State, supra, not to be applicable in the instant case.
The action of the trial court in discharging the appellee herein from the sentence and conviction imposed in the concealed weapon cause [under Docket #69-8112] be and the same is hereby affirmed. But, the action of the trial judge in discharging the appellee from the sentence and conviction for unlawfully carrying an unregistered gun be and the same is hereby reversed, with directions to remand the custody of the appellee to the City to satisfy the sentence imposed in cause #69-8111.
Affirmed in part, reversed in part, with directions.