RAWLS, Judge.
Defendant White appeals from an order denying his motion to withdraw a plea of guilty and from judgment and sentence.
Information was filed against defendant charging him in two counts, (1) with the offense of attempting to unlawfully obtain a central nervous system stimulant, and (2) resisting arrest with violence. Appellant was represented by counsel from the outset and subsequently entered a plea of guilty which the trial court accepted but withheld sentencing pending the procurement of a presentence investigation report. Appellant procured substitute counsel subsequent to entering his guilty plea. He then moved to withdraw the plea of guilty and the trial court, in its discretion, denied the motion. Appellant now contends that the court abused its discretion in refusing to allow him to withdraw his plea of guilty.
Essential facts are that appellant, after being arrested and taken to the Ormond Beach City Jail for attempting to obtain drugs by fraud, did upon his request meet with two members of the Daytona Beach Police Department in the office of his attorney. It is significant that appellant’s attorney, who had represented him on prior occasions, advised him to answer all of the officers’ questions. Appellant talked with the officers and, according to his version, was promised probation if he would cooperate with the Daytona Beach officers and aid them in procuring information helpful in a police investigation. The officers testified they advised appellant that his helpfulness would be reported to the Probation Commission if and when a presentence investigation was made, and that such cooperation on his part would probably determine the sentence should he be found guilty. There is no testimony as to any plea-bargaining between appellant’s attorney and others. Subsequently, appellant’s initial attorney advised him and his mother that he could not represent appellant ; however, he arranged for another attorney to represent appellant at the arraignment. The following colloquy was had between the court and appellant at the arraignment:
"THE COURT: You are before the Court on an information charging you in Count 1 with the offense of attempting to unlawfully obtain a central nervous system stimulant; and Count 2, resisting arrest with violence. What is your age ?
“DEFENDANT: Twenty-one.
“THE COURT: Are you represented by Mr. Matz who stands to your side ?
“DEFENDANT: Yes.
“THE COURT: Are you prepared at this time to be arraigned ?
“MR. MATZ: Yes, sir.
*501 “MR. TANNER: Do you waive the reading of the formal parts of the information?
“MR. MATZ: Yes, sir.
“MR. TANNER: Your name is Leon E. White, Jr.?
“DEFENDANT: Yes.
“MR. TANNER: Listen while I read the essential parts of the information:
“Count I: Did then and there attempt to unlawfully obtain from Dr. Fred Thompson a central nervous system stimulant, to-wit, desoxyn, by the use of a false name, to-wit Raymond Smart or a false address, to-wit 603 Marvin Road, or by fraud or misrepresentation in utilizing a false or forged doctor’s prescription, a copy being attached marked Exhibit A; contrary to Florida Statute 404.02(8) (a), (8) (d).
“MR. MATZ: We will have the reading of the second count. We have a copy.
“MR. TANNER: From what you have indicated we had better read it all.
“Count II: And for a second count of this information Stephen L. Boyles, State Attorney for the 7th Judicial Circuit of the State of Florida in and for Volusia County, as prosecuting officer for the FELONY COURT of RECORD of Volusia County, Florida, under oath, information makes that LEON E. WHITE, JR. of the County of Volusia and State of Florida, on the 24th day of September in the year of our Lord, one thousand nine hundred and sixty-nine, in the County and State aforesaid did then and there knowingly and willfully resist, obstruct or oppose Officer Roger Calhoun, a city of Ormond Beach police officer, in the lawful execution of his legal duty, to-wit, lawfully arresting the said Leon E. White, Jr., in that he, the said Leon E. White, Jr., did then and there offer to do or did do violence to the person of said police officer by struggling with said police officer.
“To Count one how do you plead?
“DEFENDANT: Guilty.
“MR. TANNER: And to count two, how do you plead ?
“DEFENDANT: Guilty.
“MR. MATZ: Your Honor, Mr. White respectfully requests that this Court conduct a presentence investigation.
“THE COURT: Before I accept this plea let me ask some questions. Let me see the information again.
“Mr. White, before I accept this plea I want to ask you some questions. I believe you said you were twenty-one years of age.
“DEFENDANT: That is right.
“THE COURT: How much education have you had ?
“DEFENDANT: I am going now to high school; twelfth grade.
“THE COURT: Do you read, write, speak and understand the English language ?
“DEFENDANT: Yes, sir.
“THE COURT: Have you had any alcoholic beverages or narcotic drugs in the past forty-eight hours ?
“DEFENDANT: No, sir.
“THE COURT: Do you come to Court soberly ?
“DEFENDANT: Yes, sir.
“THE COURT: Have you ever been treated in your lifetime for any mental disorders ?
“DEFENDANT: No, sir.
“THE COURT: You come to Court competently ?
“DEFENDANT: Yes, sir.
“THE COURT: Have you had ample time to discuss your plea that you are proffering with your attorney, Mr. Matz, who stands to your side ?
“DEFENDANT: Yes, sir.
*502 “THE COURT: Have you disclosed to him all the facts and circumstances as best you know them with regard to the information that is now before the Court ?
“DEFENDANT: Yes.
“THE COURT: Have you done all that you could to assist him in the preparation of an adequate defense to this information?
“DEFENDANT: Yes.
“THE COURT: Now, when you were having your conversation with Mr. Matz or any other officers of this Court, have there been any offers of reward or promises made to you to induce you to make this plea?
“DEFENDANT: No.
“THE COURT: Have any threats or acts of duress been made to compel you to enter this pléa ?
“DEFENDANT: No, sir.
“THE COURT: So you enter this plea freely and voluntarily of your own choice ?
“DEFENDANT: Yes.
“THE COURT: Now, in assisting Mr. Matz in the preparation of these defenses are you fully satisfied with the services he has rendered in your behalf ?
“DEFENDANT: Yes.
“THE COURT: Has he advised you that you have a right to a speedy trial by jury?
“DEFENDANT: Yes.
“THE COURT: You understand this?
“DEFENDANT: Yes.
“THE COURT: You understand by entering your plea of guilty you are waiving your guaranteed right to trial by jury?
“DEFENDANT: Yes.
“THE COURT: You also understand that by entering this plea you are waiving your right to be confronted by those who have caused this information to be filed ?
“DEFENDANT: Yes.
“THE COURT: And you are further waiving your right of self-incrimination by entering this plea of guilty ?
“DEFENDANT: Yes, sir.'
“THE COURT: You understand that the only thing remaining to be done if the Court accepts this plea is to sentence you, which under Count one of this information may mean a maximum punishment of a fine of not more than $1,000.00 or by imprisonment in the Florida State Penitentiary for not more than two years or by both such fine and imprisonment; and for a second violation, the section that this is under may be a fine of not more than $5,000.00 or imprisonment in the Florida prison for not less than two years or more than five or by both fine and imprisonment and any third offense that you may be fined not more than $10,000.00 or shall be imprisoned in the State Penitentiary for not less than five years nor more than ten years or by both such fine and imprisonment.
“Under Count two that you may be sentenced to serve a term not to exceed two years in the State Penitentiary or imprisonment in the County jail not to exceed one year or fine not to exceed $1,000.00.
“DEFENDANT: Yes.
“THE COURT: Knowing these things you voluntarily enter your plea of guilty?
“DEFENDANT: Yes.
“THE COURT: As to Count one and two you enter this plea only because you are guilty of these offenses?
“DEFENDANT: Yes.
“THE COURT: The Court accepts the plea and grants the defendant his request for pre-sentence investigation.”
It is upon the foregoing proceedings that appellant vigorously contends that the trial court abused its discretion in refusing to *503 permit appellant to withdraw his plea of guilty. It is well settled in this jurisdiction that a court may in its discretion at any time before sentence permit a plea of guilty to be withdrawn, and if the motion is denied, the burden of clearly demonstrating that the denial constitutes a clear abuse of the trial judge’s discretion rests upon the defendant. Morgan v. State, 142 So.2d 308 (Fla.App.2d 1962). F.S. § 909.13 (1969) F.S.A.
This opinion has been extended by copiously reproducing the inquiry made by the trial judge prior to accepting defendant’s guilty plea. By such painstaking and searching inquiry subsequent proceedings such as the instant appeal and collateral attacks may be eliminated. Appellant herein cannot seek now to refute his statements and the denial of coercion made in open court. It is our conclusion that the trial judge did not in any manner abuse his discretion by denying the motion to withdraw the guilty plea, but, to the contrary, exerted every conceivable human effort to see that appellant was given his “day in court” prior to accepting the plea of guilty. When a trial judge discharges the function of judicial inquiry at the time of accepting a guilty plea he leaves a record that is adequate for any review that later may be sought. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).
Appellant relies heavily upon this Court’s opinion in Banks v. State, 136 So.2d 25 (Fla.App.lst 1962). Banks is not applicable for two reasons: 1. The motion filed by defendant in Banks stated that he had a meritorious defense to the charge against him and that he desired to be tried on a plea of not guilty. We find no such allegation in the instant case. 2. In Banks, an honest mistake, misunderstanding or misapprehension occurred between Banks’ counsel and the Assistant State Attorney. There is no such mistake in the instant case. The only mistake alleged is that appellant misunderstood his arrangement with the police officers. The trial judge was at liberty to believe the testimony of the police officers. We must view the record in the light that he did believe police testimony that appellant was not promised probation. Risking redundancy, the time for defendants and their attorneys to speak is when the plea is tendered. The time to resolve the question of voluntariness is at the time of tendering the plea. Appellant did not demonstrate to the trial court, nor has he demonstrated to this Court, that the denial of his motion to withdraw the plea of guilty has been contrary to the ends of justice.
The judgment appealed is affirmed.
JOHNSON, C. J., and SPECTOR, J., concur.