511 So.2d 740 (1987)
Mark Edward WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 86-1857.
District Court of Appeal of Florida, Fifth District.
August 27, 1987.
*741 James B. Gibson, Public Defender, and Michael L. O'Neill, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Ellen D. Phillips, Asst. Atty. Gen., Daytona Beach, for appellee.
ORFINGER, Judge.
The defendant appeals a judgment of conviction on two counts of resisting an officer without violence. On appeal, the defendant argues that his motion for judgment of acquittal should have been granted because the police officers were not in the lawful execution of any legal duty when they restrained him. We affirm.
While patrolling in an area known for drug trafficking, Deputy Valerie Zykwicz of the Brevard County Sheriff's Department observed defendant hand something to an occupant of a stopped automobile. Believing that she had witnessed a drug transaction, the deputy approached the defendant and asked him for identification, but he had none. The deputy then asked the defendant to hand her a radio and a pink towel which he was holding in his hand, and while backing away from the deputy the defendant handed her the radio, but held onto the towel. When the deputy repeatedly asked for the towel, the defendant refused to give it to her, quickened his pace, turned and ran away. Zykwicz returned to her patrol car to pursue the defendant.
Deputy Johnson, patrolling in another car, happened upon the scene at the time defendant turned and ran from Zykwicz. Not knowing what the circumstances were, but observing defendant running away from an officer, Johnson pursued defendant, first in his car and then on foot. Zykwicz followed in her car, and as she stopped and exited her car defendant ran into her, thus enabling both officers to grab the defendant and attempt to hold him. The defendant resisted vigorously and bit Deputy Johnson, but he was subsequently subdued and later charged with one count of resisting arrest with violence,[1] *742 and a second count of resisting arrest without violence.[2] On the charge of resisting with violence, he was found guilty of the lesser offense of resisting without violence,[3] and he was convicted as charged on the other count.
The defendant contends that he could not have been convicted of resisting an officer without violence because the officers were not enforcing a legal duty at the time that the defendant resisted them. The defendant moved for judgment of acquittal on these grounds at the close of the State's case, but failed to renew the motion at the close of all the evidence. The defendant also failed to file a motion for a new trial. In these circumstances, the only issue is whether the State presented sufficient evidence to establish a prima facie case. The only evidence relevant for determining this question is the evidence presented in the State's case, and all reasonable inferences are drawn in favor of the State. Hufham v. State, 400 So.2d 133, 134 (Fla. 5th DCA 1981); McGeorge v. State, 386 So.2d 29, 30 (Fla. 5th DCA 1980).
If, at the conclusion of the State's case there was no evidence to support the statutory element of lawful performance of a legal duty, then, as in any other case where the State's evidence falls short of making the necessary prima facie showing, a judgment of acquittal should be entered.[4] But where the State's evidence presents a prima facie case, summary disposal of the case in a defendant's favor is not justified. State v. Gilchrest, 458 So.2d 1200 (Fla. 5th DCA 1984). Where the facts and inferences therefrom are in dispute, the trial court should not take away from the jury the right to determine whether or not the officer was in the lawful performance of a legal duty. Smith v. State, 399 So.2d 70 (Fla. 5th DCA 1981). See also Brannen v. State, 453 So.2d 428 (Fla. 1st DCA 1984).
In the case before us, the count of resisting without violence was not based on the initial encounter between Deputy Zykwicz and the defendant. This charge was predicated on the struggle which ensued when both deputies were attempting to subdue defendant after he was stopped by running into Deputy Zykwicz. The count of resisting with violence was based on the allegation that the defendant bit Deputy Johnson when he tried to subdue him.
The defendant argues that Deputy Zykwicz did not have founded suspicion sufficient to make an investigatory stop of the defendant, and that the officers were, as a matter of law, not engaged in the lawful performance of their duties when they pursued him. This argument overlooks, however, the fact that the charges were based on the facts which occurred after Deputy Johnson began pursuit of the defendant.
Deputy Johnson testified that he initiated pursuit of the defendant after seeing the defendant turn and run away from Deputy Zykwicz, who was walking towards him. Johnson was unaware of the factual circumstances involving the encounter between Zykwicz and the defendant. Thus, from Johnson's perspective, he merely witnessed an individual fleeing from a fellow officer. These circumstances provided Johnson with a well-founded suspicion that the defendant was involved in some criminal activity. Upon seeing the defendant flee, it was reasonable for Deputy Johnson to assume that his fellow officer was acting legally, and that the circumstances required *743 him to assist the officer in pursuing and detaining the defendant. Requiring a police officer to stop and discuss the circumstances with his fellow officer would unduly hamper the officer's ability to enforce the law. Upon seeing an individual flee from a fellow officer, a police officer is justified in believing that his fellow office is acting legally and that the individual should be pursued and detained for further investigation, and a jury could so find. The jury could also find that Zykwicz was lawfully performing her duty when she went to Johnson's assistance when the defendant became violent.
The trial court properly denied the defendant's motion for judgment of acquittal at the conclusion of the State's case because there was sufficient evidence to show that the deputies were in the lawful execution of a legal duty at the time they pursued and subdued the defendant.
AFFIRMED.
DAUKSCH and COWART, JJ., concur.
NOTES
[1] § 843.01, Fla. Stat. (1985):

Resisting officer with violence to his person.  Whoever knowingly and willfully resists, obstructs, or opposes any sheriff, deputy sheriff, ... in the execution of legal process or in the lawful execution of any legal duty, by offering or doing violence to the person of such officer or legally authorized person, is guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
[2] § 843.02, Fla. Stat. (1985):

Resisting officer without violence to his person.  Whoever shall obstruct or oppose any such officer, .. . or legally authorized person in the execution of legal process or in the lawful execution of any legal duty, without offering or doing violence to the person of the officer shall be guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 75.083.
[3] Resisting a police officer without violence is not a necessarily lesser included offense of resisting a police officer with violence. It may however be a category two lesser included offense, depending on the charging document and the proof at trial. Benjamin v. State, 462 So.2d 110 (Fla. 5th DCA 1985). This issue is not presented in this appeal.
[4] See Licata v. State, 156 Fla. 692, 24 So.2d 98 (1945); Lee v. State, 368 So.2d 395 (Fla. 3d DCA) cert. denied 378 So.2d 349 (1979).