COWART, Judge.
The defendant was adjudicated a delinquent based upon a finding that he had committed petit theft. The evidence indicates that the defendant was in possession of a necklace that had come from a store. However, there was no evidence adduced in the State’s case[1] to establish that the necklace was stolen rather than purchased. The motion for judgment of acquittal at the close of the State’s case should have been granted. The defendant’s adjudication of delinquency is reversed and the commitment based on that conviction is discharged.
REVERSED.
COBB and HARRIS, JJ., concur.

. We acknowledge that the evidence presented in the defendant’s case after the denial of the defendant’s motion for judgment of acquittal remedied the omissions in the State’s case so as to support a conviction. In considering a motion for judgment of acquittal made at the close of the State’s case, the question is whether the State has presented sufficient evidence to establish a prima facie case. In the Interest of T.M.M., 560 So.2d 805 (Fla. 4th DCA 1990); Williams v. State, 511 So.2d 740 (Fla. 5th DCA 1987). A defendant’s motion for judgment of acquittal made at the close of the State’s case is not waived by the defendant's subsequent introduction of evidence. State v. Pennington, 534 So.2d 393 (Fla.1988). Thus, the State cannot avoid a motion for judgment of acquittal, made at the close of the State’s case by relying on evidence presented in the defendant’s case to establish an essential element of its case.