STATE, *ex rel.*, J. W. MOSTELLER v. C. M. GAY, Clerk Circuit Court.

150 So. 282.
Opinion Filed October 3, 1933.

*Akerman & Gray,* for Relator;

*Cary D. Landis,* Attorney General, and *H. E. Carter* and *Robert J. Pleus,* Assistants, for the State.

WHITFIELD, J. — In mandamus proceedings brought against the Clerk of the Circuit Court for Orange County, the question to be determined is whether under the provisions of Chapter 16252, Acts of 1933, known as the Futch law, the Clerk may be required to accept bonds of the Taft Drainage District located wholly in Orange County, in payment of county and district taxes in redeeming a State and county tax sale certificate that is more than two years old, and was issued for the taxes of 1930 upon land which is in Orange County, Florida, but the return avers it is not within Taft Drainage District. The district is organized and utilized for drainage of lands within the district.

Sections 6 and 7 of Chapter 16252 are as follows:

"That bonds or matured interest coupons of all counties or other taxing districts shall be receivable at par and in lieu of money in redemption of tax sale certificates or other evidences of tax liens held in the name of the State, covering lands sold for non-payment of State and county or other taxing-district taxes to the amount of the delinquent taxes which were levied in each county of other taxing district for all purposes other than the levy made for State taxes.

"That any person entitled to and desiring to redeem lands from tax sale certificates or other evidence of tax liens under the provisions of this Act, shall pay in cash to the Clerk of the Circuit Court of the county in which such lands lie the amount required to redeem the lands from that portion of the tax sales certificate and subsequent unpaid taxes representing taxes levied for State purposes, and to deliver to such Clerk bonds or matured interest coupons of such county or other taxing district in an amount equal to that portion of the tax sales certificate and subsequent unpaid taxes which represent all taxes levied for county or district purposes. Such bonds or matured interest coupons and

moneys shall be received by the Clerk who shall issue and deliver to the person redeeming such lands his receipt therefor and cancel the tax certificate or other evidence of the tax lien in the manner provided by law. The bonds or matured interest coupons received in redemption of such lands shall be held by the Clerk of the Circuit Court uncancelled, and proper account shall be kept thereof for adjustments of accounts between the county and such other taxing units or districts as may be interested at such time or times as the Board of County Commissioners may direct."

The alternative writ alleges in effect that Taft Drainage District lying wholly within Orange County, was organized under Chapter 6458, Acts of 1913, for drainage purposes, and that the bond offered to the Clerk was issued by the district as authorized by the statute.

The statute, now Section 1451 (1098) *et seq.*, Compiled General Laws, under which Taft Drainage District was organized and operates, provides not for ad valorem *taxes* to pay bonds issued for drainage purposes, but for bonds issued by the district to be paid by special assessments of lands within the district according to benefits estimated to accrue to the lands assessed, from drainage operations. While the county tax collector is required to collect the special assessments levied for benefits, such assessments are made in a special "drainage tax book," and collection of such special assessments are not enforced by a sale of the lands by the tax collector, nor are the amounts of the assessments included in State and county tax sale certificates, as are ad valorem *taxes* levied for road district and school district bond purposes. The drainage district assessments for bond payments are enforced by suits in equity and not by sale of the land by the tax collector.

Section 6, Chapter 16252, provides "that bonds or ma-

tured interest coupons of all counties or other taxing district shall be receivable at par and in lieu of money in redemption of tax sale certificates * * * covering lands sold for non-payment of State and county or other taxing district *taxes,"* etc.

This includes bonds of taxing districts that levy ad valorem *taxes* for bond purposes as do the associated taxing units, counties, and whose delinquent *tax* levies are included in the State and county tax sale certificates that are issued by the tax collector when he sells the land for non-payment of State, county and district ad valorem *taxes* and does not include bonds of districts which levy *special assessments* for benefits with which to pay bonds of the district.

The districts whose bonds may be received for past due county and district taxes for the year 1931 and prior years under the Futch law, Chapter 16252, Acts of 1933, are those districts whose unpaid past due *taxes* are included in the tax sale certificates to be redeemed. This is further shown by the provision of Section 7, Chapter 16252, that "The bonds or matured interest coupons received in redemption of such lands shall be held by the Clerk of the Circuit Court uncancelled, and proper account shall be kept therefor for adjustments of accounts between the county and such other taxing units or districts as may be interested."

The opinion in State *ex. rel.* Dowling v. Butts indicates this as the proper interpretation of the purpose and effect of Chapter 16252.

The alternative writ is quashed.

DAVIS, C. J., and ELLIS, TERRELL and BUFORD, J. J., concur.