23 So.2d 515

## SMITH v. STATE.

5 Div. 197.

Court of Appeals of Alabama.

June 19, 1945.

Rehearing Denied Aug. 7, 1945.

J. B. Atkinson, of Clanton, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The indictment in this case contains four counts and charged the defendant with the unlawful possession, etc., of a still to be used for the purpose of manufacturing or distilling prohibited liquors or beverages. Also with the offense of distilling, making or manufacturing alcoholic, spirituous or malted liquors or beverages, a part of which was alcohol. Said indictment was presented in open court and filed on February 10, 1943. Regular in all respects.

The case was called for trial on March 3, 1943, and the bill of exceptions discloses the following: The defendant was asked by the court or the solicitor representing the State if he had an attorney to represent him and he informed the solicitor or court that he did not and was then asked by the solicitor if he was guilty or not guilty. Defendant then said that he was guilty but that he wanted his case continued because he had a farm and needed time to work his crop. The solicitor then said sign a written plea of guilty and deliver it to the Clerk and your case will be continued. Defendant then executed the following paper in words and figures, as follows, to-wit; and delivered same to the Clerk:

"State v. Robert Smith, Defendant. In the Circuit Court, No. 7637.

"Comes the defendant in the above styled cause and pleads guilty to the offense as charged—Manufacturing Whiskey and possession of a still—

"He waives a jury trial—and no agreement as to punishment.

"This 3 of March 1943.

"Robert Smith."

Said cause was continued by the court to the next regular jury session of said court and the following proceedings were had in the above stated cause not otherwise appearing of record, during the jury criminal session of said court on the 14th day of September, 1943, to-wit:

This case being reached on the trial docket and being called for trial by the

Judge and the defendant being present in court appeared before the Judge of said court and at the bar and stated in open court that he requested the court that his plea of guilty heretofore filed in this cause be withdrawn and that he be permitted to file a plea of not guilty and requested and asked that his case be tried at that time by a jury.

The trial court declined to permit the defendant to withdraw his written plea of guilt, filed in court six months previously, and sentenced him to a term of imprisonment in the penitentiary for a period of 18 months. Judgment of conviction was duly pronounced and entered from which this appeal was taken.

The insistence that the court erred in denying the appellant's motion to be permitted to withdraw his plea of guilty and enter one of not guilty presents nothing to the court for review. Motions of such character are addressed to the sound discretion of the trial court.

No abuse of discretion is shown in the denial of the motion. There is nothing in the record except the motion and its denial, and this is insufficient to convince an appellate court that the discretion of the court was exercised unwisely.

 It is within the sound discretion of the trial court to refuse the withdrawal of a plea of guilty and before such refusal can be reversible error it is encumbent upon the appellant to show that the trial court abused this discretion. When a ruling of the court, refusing withdrawal and nothing else, appears upon the record, there is no reversible error. No error appearing in this, the only ruling of the court complained of, and the record being regular in all respects, the judgment of conviction from which this appeal was taken will stand affirmed.

Simultaneously with the submission of this case here, the defendant filed a petition for writ of error coram nobis based upon an extended statement of facts not necessary to be recited.

The Attorney General, representing the State, interposed demurrers to said petition based upon several separate and distinct grounds. Said demurrers are as follows:

1. For that it affirmatively appears from the petition that there has been no review by the Alabama Court of Appeals of any cause wherein Robert Smith was the appellant and the State of Alabama was appellee.

2. For aught that doth appear from the petition the matters and things therein alleged have no connection with an indictment filed on the 10th day of February, 1943, in the Circuit Court of Chilton County, charging Robert Smith with possession of a still and the manufacture of whiskey.

3. For aught that doth appear from the petition the matters and things alleged in the petition constitute a separate series of events or acts than those charged in an indictment filed February 10, 1943, in the Circuit Court of Chilton County, Alabama.

4. For that it affirmatively appears from the petition that the petitioner, at the time he requested the Court to withdraw his plea of guilty, knew that the distillery was more than one-fourth of a mile outside of Chilton County.

5. For that it affirmatively appears from the petition that the petitioner's learning after the filing of his plea of guilty and prior to September 14, 1943, that "his presence on the island for the purpose of getting a drink of liquor and being near said still was not a violation of the law against possession of a still and manufacturing liquor" was a mistake of law and not of fact.

6. For that it affirmatively appears from the petition that the petitioner gave no reason for requesting a withdrawal of his plea of guilty.

7. For that it affirmatively appears that the matters and things alleged in the petition are not now correctable by petition for writ of error coram nobis.

8. For that it affirmatively appears from the petition that the petitioner, at the time of requesting a withdrawal of his plea of guilty, knew or by the exercise of reasonable diligence should have known all of the matters and things alleged in said petition.

9. For that the petition for leave to file a petition for writ of error coram nobis was filed too late.

10. For that it affirmatively appears from the petition that leave to file a petition for a writ of error coram nobis should not be granted.

In connection with the foregoing the State prays, (1) "that the petition for leave to file a petition for writ of error coram nobis be dismissed; or (2) that the demurrer of the State be sustained."

Several of the grounds of the demurrer were a complete answer to defendant's petition and are consequently sustained.

Affirmed.