## OTIS WARD, v. STATE OF FLORIDA

22 So. (2nd) 887          June Term, 1945
July 27, 1945          En Banc

*Jones & Latham,* for appellant.

*J. Tom Watson,* Attorney General, and *Reeves Bowen,* Assistant Attorney General, for appellee.

BUFORD, J.:

Appeals bring for review two judgments of the Court of Record in and for Escambia County, Florida entered on pleas of guilty made by Otis Ward in the court above mentioned on September 5th 1944. The judgments were as follows and were identical:

"13857 STATE OF FLORIDA  ·Selling Whiskey Without License
  13858                    Selling Whiskey Without License
          v.                          (2 cases)
OTIS WARD

"Now on this day came in person the defendant Otis Ward into open Court and after being duly arraigned entered his plea of guilty to Selling Whiskey Without License in two cases. Therefore, you having pleaded guilty to the two charging Selling Whiskey Without a License it is considered by the Court that you are guilty of said offenses.

"It is the judgment of the Court and the sentence of the law that you, Otis Ward, for your offenses do be imprisoned by confinement at hard labor for a period of four (4) months in each case, the four (4) months in case No. 13858 to begin and run from expiration of the sentence of four (4) months in case No. 13857 in the county jail."

On the 8th day of September, 1944, the defendant filed his motion in each of said cases praying that he be allowed to withdraw his plea of guilty and to enter a plea of not guilty and offered to go to trial immediately on the charges pending against him. His motion, inter alia, in this regard was as follows:

"That the facts and circumstances and the reasons why defendant entered said plea are as follows: That one Carl Rabon, a Deputy Supervisor of the Florida State Beverage Department, came to the defendant's place of business on two occasions just prior to his entering said plea and persuaded defendant that if he would plead guilty to said charge that he, the said Rabon, would arrange matters so that the defendant would be dealt with leniently by the Court, and promised defendant that if he would enter his said plea of guilty, his punishment would be a small fine; that said

promises and representations by said Rabon were made on the 23rd day of August, 1944, and again on the 31st day of August 1944; that Rabon further represented at said times that he admitted that the defendant did not sell said liquors as charged in said information but that it would be easier and cheaper for the defendant to dispose of said case by plea than by going to the expense of standing trial; that the defendant, believing said representations of the said Rabon thereupon entered his plea of guilty as aforesaid; defendant alleges that he has a meritorious defense to said charge and hereby offers to be placed upon trial immediately on said charge upon plea of not guilty thereto. Defendant alleges further that he plead guilty to said charge because of the promises of the said Rabon and for no other reason.

"3.—That the said Carl Rabon is a Deputy Supervisor of the Beverage Department of Florida and is stationed in Pensacola, Florida. That the said Rabon was the officer who made the investigation leading to the arrest of the defendant upon said charge on the 14th day of August 1944 upon a warrant issued by the County Judge's Court of Escambia County, Florida, upon said date.

"4.—Defendant further alleges that he believed that he would receive a fine because the above court had imposed fines in previous similar cases without a jail sentence.

"5.—Defendant further alleges that he had never been arrested before and was ignorant of court room procedure and was under the belief that he could not receive a jail sentence upon said plea to said charge.

"6.—That attached hereto and made a part hereof and marked Exhibit B is a copy of the judgment and sentence of the Court; that attached hereto and marked Exhibit C are sworn affidavits to sustain the allegations of this motion.

"7.—Defendant further alleges that the State's witnesses are still all in Escambia County, Florida, and are available to testify in behalf of the State at a trial on said charge."

The motion was supported by affidavits of three persons, which affidavits were identical as to the pertinent facts and one of which was as follows:

"This day personally appeared before the undersigned subscriber Gilbert Ward, who after being first duly sworn deposes and says that he is Constable of Justice District No. 3, Escambia County, Florida, and that he knows and is acquainted with the defendant Otis Ward, and Carl Rabon, Deputy Supervisor of the Florida Beverage Department; that on the 31st day of August, 1944, he heard the said Carl Rabon promise the said Otis Ward that if he, the said Ward, would enter a plea of guilty to a charge of selling intoxicating liquors without a license then pending against the said Ward, that he, the said Rabon, would see to it and arrange that the said Ward would be dealt with leniently and would receive a light fine upon said charge. Deponent is not of kin to said defendant."

In the case of Casey v. State, 116 Fla. 3, 150 So. 282, we held:

"Motion to set aside judgment of conviction and sentence of death and to withdraw plea of guilty and enter plea of not guilty and proceed to trial thereon could be treated as an extraordinary application for new trial or as application for writ of error *coram nobis.*"

So it is, we think these motions should be considered and given the effect of motions for new trial timely made and properly supported.

"In the Casey case, *supra,* we also held:

"Motion to permit accused to withdraw plea of guilty entered under duress, fear, misunderstanding, improper influence and assurance that court would be lenient and to enter plea of not guilty is addressed to sound discretion of trial court subject to review by the appellate court."

To like effect is our holding in the case of Clay v. State, 82 Fla. 83, 89 So. 353; Brown v. State, 92 Fla. 592, 109 So. 627; Pope v. State, 56 Fla. 81, 47 So. 487; Canada v. State, 144 Fla. 633, 198 So. 220.

"In the latter case we held:

"In criminal prosecution, defendant should be permitted to withdraw plea of guilty, given unadvisedly, when application for such permission is duly made in good faith and sus-

tained by proofs, and proper offer is made to go to trial on plea of not guilty.

"The law favors trials on merits, and if trial court's discretion is abused in denying leave to withdraw plea of guilty and go to trial on merits, appellate court may interfere."

We find that the record in this case clearly shows that the accused was persuaded by an officer in whom he had confidence and whom he had every reason to believe was in position to make good his promises, to enter his pleas of guilty. We are also convinced that the officer made the representations and promises in good faith, believing at the time that the accused would be arraigned and would enter his plea in the County Judge's Court but found himself unable to perform when the County Solicitor filed information against the accused in the Court of Record. The record shows, however, that after learning of this change in the situation he did not advise the accused that he would have to withdraw his stipulation but allowed the accused without warning to enter his plea of guilty in the Court of Record.

It is our view that the plea of guilty was procured by promises of an officer which promises were relied upon by the accused and that, therefore, the pleas were not freely and voluntarily entered.

It follows that the trial court abused his judicial discretion in denying defendant's motion.

The judgment should be reversed.

CHAPMAN, C. J., TERRELL, BROWN and ADAMS, JJ., concur.

THOMAS, and SEBRING, JJ, dissent.