93 So.2d 528

### Cooper Hunt WALTERS
### v.
### STATE.
### 1 Div. 720.

Court of Appeals of Alabama.
March 12, 1957.

Earle L. Wingo, Hattiesburg, Miss., for appellant.

John Patterson, Atty. Gen., and Robt. G. Kilgore Jr., Asst. Atty. Gen., for the State.

PRICE, Judge.

The indictment charged this appellant with assault with intent to murder his wife, Emma Walters.

The indictment was presented in open court and filed on October 26, 1955. Bail was fixed at $1,000.

On November 4, 1955, the defendant appeared in the circuit court, waived arraignment and entered a plea of guilty to the offense charged in the indictment. The court sentenced the defendant to imprisonment in the penitentiary for a term of five years.

On November 30, 1955, defendant filed a motion in the circuit court asking that he be allowed to withdraw his plea of guilty. In said motion, and as grounds therefor, defendant set up that at the time he entered his plea of guilty he did not have the benefit of advice of counsel and had not been represented by counsel.

Defendant testified at the hearing on the motion, as follows:

That he was arrested on September 18, 1955, and placed in the city jail at Prichard, Alabama, on two charges of assault with intent to murder and that he remained in the jail until November 4, 1955, when he was brought into court to be arraigned on said charges; that he did not have an opportunity to confer with friends, relatives or counsel; that he had never been in court before and was not familiar with court proceedings and did not understand the nature or seriousness of the charges against him; that he was not represented by counsel at the time he entered a plea of guilty and was financially unable to employ counsel; that his bond had been fixed at $1,000, but that he had been unable to make bond; that he did not intend to kill anyone, but that he shot only to scare and that no one was actually shot or hurt. On cross examination by the State, defendant stated that he did shoot at the bulk of two people as he saw them moving around; that he was given a preliminary hearing in the court at Prichard and that a bond of $1,000 was fixed by the court in each case. Defendant denied that he stated at the preliminary hearing that he had intended to kill the two people he shot at and that he was going to kill himself. In response to a question by the Solicitor as to whether or not defendant stayed at the Prichard jail because he was serving a sentence that the city Judge had given him, defendant stated that it was the same charge and that the city offense grew out of the same matter. No further evidence was introduced on the motion.

In Smith v. State, 32 Ala.App. 206, 23 So.2d 515, certiorari denied 247 Ala. 182, 23 So.2d 516, we said: "It is within the sound discretion of the trial court to refuse the withdrawal of a plea of guilty and before such refusal can be reversible error it

**52**

is encumbent upon the appellant to show that the trial court abused this discretion."

We have carefully reviewed the evidence in support of the motion and we find no abuse of the trial court's discretion.

The judgment of conviction is ordered affirmed.

Affirmed.