WIGGINTON, Chief Judge.
Defendant seeks review by certiorari of an order denying his motion to set aside a judgment of conviction and permit him to withdraw a plea of guilty, submitting therefor a plea of. not guilty, and be tried by a jury on the charge set forth in the information filed against him.
The State has moved to dismiss the petition for writ of certiorari on the ground that such procedure is not available to review the type of order in question.
The appellate rules relating to appeals in criminal cases provide that on appeal the appellate court shall review all rulings and orders appearing in the appeal record insofar as it is necessary to do so in order to pass upon the grounds of the appeal.[1] A motion to vacate a plea of guilty and substitute therefor a plea of not guilty, whether entered before or after judgment, is addressed to the sound judicial discretion of the trial court,[2] and an order granting or denying such motion is properly reviewable by appeal from the final judgment entered in the case.[3] The law is too well settled to admit of any doubt that a writ of certiorari, being discretionary in character, will not be granted if the law affords a full, complete and adequate remedy by appeal to review the judgment, order or decree sought to *74 be quashed.[4] The principle is equally settled in this state that a petition for writ of certiorari, improvidently filed, may not be treated and considered by the appellate court as an appeal. Under such circumstances the appellate court lacks jurisdiction to review the order in question, and has no discretion but to dismiss the proceedings.[5]
The motion of the State' to dismiss the . petition for writ of certiorari filed in this icause is granted.
STURGIS and. CARROLL, DONALD IC, JJ., concur.

. Rule 6.16, subd. a, Florida Appellate Rules, 31 F.S.A.

. F.S. § 909.13, F.S.A.

.Asbey v. State, Fla.App.1968, 102 So. 2d 407; La Barbera v. State, Fla.1953, 63 So.2d 654; Ward v. State, 1946, 156 Fla. 185, 22 So.2d 887.

. Fort v. Fort, Fla.App.1958, 104 So.2d 69: Pullman Co. v. Fleiskel, Fla.App. 1958, 101 So.2d 188.

. Fort v. Fort, see footnote 4; Codomo v. Shaw, Fla.1958, 99 So.2d 849.