133 So.2d 60

**Fern PEARSON**

v.

**STATE.**

3 Div. 82.

Court of Appeals of Alabama.

Sept. 5, 1961.

Reuben F. McKinley, Bay Minette, for appellant.

MacDonald Gallion, Atty. Gen., and Winston Huddleston, Supernumerary Circuit Sol., for the State.

PRICE, Judge.

The indictment contains two counts. Count 1 charges incest. Count 2 charges carnal knowledge of a girl over twelve and under sixteen years of age.

Defendant was arrested and released under bond on October 24, 1960. On November 3, 1960, he was arraigned and his attorney entered a plea of not guilty by reason of insanity, and moved the court to commit the defendant to Bryce Hospital at Tuscaloosa for observation.

The record also states that the defendant moves the court to grant him a continuance on the ground that an effort has been made to obtain medical testimony as to defend-

ant's mental condition, and that no competent psychiatrist is available in the area at the present time. The motions were denied.

On the same day defendant's attorney withdrew from the case. Defendant withdrew his plea of not guilty by reason of insanity and entered a plea of guilty to the charge of incest. The court ruled that the plea take effect at the next term of court, reserved sentence and continued the defendant on bail.

On April 1, 1961, the day set for sentence on his plea of guilty, the defendant, by his attorney, moved the court to set aside the plea of guilty and allow him to enter a plea of not guilty and not guilty by reason of insanity. The trial court declined to permit him to withdraw his plea, adjudged him guilty and sentenced him to imprisonment in the penitentiary for a term of five years.

In Smith v. State, 32 Ala.App. 206, 23 So.2d 515, 516, certiorari denied 247 Ala. 182, 23 So.2d 516, we said:

> "It is within the sound discretion of the trial court to refuse the withdrawal of a plea of guilty and before such refusal can be reversible error it is encumbent upon the appellant to show that the trial court abused this discretion. When a ruling of the court, refusing withdrawal and nothing else, appears upon the record, there is no reversible error."

See also Walters v. State, 39 Ala.App. 50, 93 So.2d 528.

It is well settled that the provisions of Title 15, Chapter 21, Article 2, Code of Alabama 1940, pertaining to inquiry into a defendant's sanity at the time of trial, are not mandatory, but such matters are addressed to the sound discretion of the trial judge and his action is not revisable on appeal except for an abuse of discretion. Reedy v. State, 246 Ala. 363, 20 So.2d 528; Ex parte Bush, 247 Ala. 351, 24 So.2d 353; Burns v. State, 246 Ala. 135, 19 So.2d 450.

No error appearing in the record tending to show that the trial court abused its discretion in the rulings complained of, the judgment of conviction must be affirmed.

Affirmed.