CARROLL, Judge.
The appellant George L. Jackman, who was serving time (six months to five years) following a conviction for armed robbery, had been informed against for another alleged robbery, to which he had pleaded not guilty. As disclosed by the record, when requested by the state attorney to set a trial date in the second case, the trial court had said: “In sentencing them, I took into consideration the overall situation.”
The pendency of the second charge was a handicap to application by .Jack-man for parole after having served six months. Having been informed of facts on which it appears he concluded that to enter a guilty plea or plea of nolo coil- *555 tendere to the second charge, would cause that charge to be disposed of without further sentence and facilitate his release on parole, Jackman acted thereon. His plea of nolo contendere was accepted by the court, which then sentenced him to be confined for ten years.
Jackman moved promptly to withdraw the plea of nolo contendere, and for reinstatement of his plea of not guilty and trial thereon. His motion and an amended motion which followed were supported by affidavits of his wife, two lawyers and his brother who also is a lawyer. His motions were denied. This appeal is from the judgment entered consequent upon his plea of nolo contendere, and included were assignments of error for denial of Jackman’s motions to withdraw the plea and reinstate his not guilty plea.
For us to recite in detail the statements of the several affidavits would unduly lengthen the opinion. In short substance, they reveal that after Jackman’s wife spoke with the judge and after his lawyer and his brother spoke with an assistant state’s attorney, they were satisfied a sentence in the second case would not be sought or imposed and that the court and prosecutor were in sympathy with their efforts on Jackman’s behalf to facilitate his release on parole. The fact that the trial judge explained the sentence on the ground that circumstances had changed due to other facts which had been developed, operates in Jackman’s favor. This is so because it may be implied therefrom that until “changed circumstances” it was the official attitude that such a sentence would not be imposed. Another feature which lends force to Jackman’s position is that because he was already serving a sentence and was not being pushed to trial on the second charge it would seem unlikely that he would deliberately invite or risk a sentence on the latter charge which would harm rather than help his purpose of seeking parole.
The state argues that section 909.13, Fla.Stat., F.S.A., precludes changing such a plea after sentence. However, the statute has not been given that effect in some instances. See Banks v. State, Fla.App.1962, 136 So.2d 25.
It is clear in the present case that Jack-man, and the persons on whose investigation and advice he relied, had some reasonable basis for believing that a plea of guilty or nolo contendere to the second charge would not bring about a further sentence, and would operate to aid Jack-man in seeking release on parole, rather than to prevent or hinder him in that effort. This in no way implies that the court or prosecutor acted improperly in any respect, or other than in due performance of their duties and in good faith. But assuming that Jackman’s wife and lawyer, and in turn Jackman himself, proceeded on a miscalculation and an erroneous evaluation of the facts which were relevant to the action he took, nevertheless under the cases cited below it would appear that in the circumstances presented the ends of justice would best be served by appellant being allowed to risk the outcome of a fair trial on the merits based on a not guilty plea. See Clay v. State, 82 Fla. 83, 89 So. 353; Canada v. State, 144 Fla. 633, 198 So. 220; Ward v. State, 156 Fla. 185, 22 So.2d 887; Rubenstein v. State, Fla.1951, 50 So.2d 708; Banks v. State, supra, Roberts v. State, Fla.App.1962, 142 So.2d 152; Morgan v. State, Fla.App.1962, 142 So.2d 308.
In Canada v. State, supra, the Supreme Court of Florida said:
“We also hold applicable what we said in Pope v. State, 56 Fla. 81, 47 So. 487, 488, 16 Ann.Cas. 972, viz:
“ Tn a criminal prosecution a defendant has a right to plead guilty; and the effect of such a plea is to authorize the imposition of the sentence prescribed by law upon a verdict of guilty of the crime sufficiently charged in the indictment or information. The plea should be entirely voluntary by one competent to know *556 the consequences, and should not be induced by fear, misapprehension, persuasion, promises, inadvertence, or ignorance. 12 Cyc. 353. While the trial court may exercise discretion in permitting or refusing to permit a plea of guilty to be withdrawn for the purpose of pleading not guilty, yet such discretion is subject to review by an appellate court. A defendant should be permitted to withdraw a plea of guilty given unadvisedly when application therefor is duly made in good faith and sustained by proofs, and proper offer is made to go to trial on a plea of not guilty.
“ ‘The law favors trials on the merits; and, if the discretion of the tidal court is abused in denying leave to withdraw a plea of guilty and to go to trial on the merits, the appellate court may interfere.’ ”
In Rubenstein v. State, supra, the Supreme Court of Florida, in an opinion by Justice Chapman commenting on the Canada case, said:
“In the case of Canada v. State, 144 Fla. 633, 198 So. 220, we held that the withdrawal of a plea of guilty should not be denied in any case where it is in the least evident that the ends of justice will be subserved by permitting a plea of not guilty in its place. Courts ordinarily will permit a plea of guilty to be withdrawn if it fairly appears that the defendant was in ignorance of his rights and of the consequences of his acts, or was influenced unduly and improperly, cither by hope or by fear in making it, or if it appears that the plea was entered under some mistake or misapprehension. * * * ”
In the case of Banks v. State, supra, the first district court of appeal, speaking through Judge Wiggington, dealt with this question as follows:
“It has long been the established law of this state that although a motion to withdraw a plea of guilty for the purpose of pleading not guilty is ■addressed to the sound discretion of the trial court, the exercise of such discretion -is always subject to appellate review. Furthermore, the law has always favored the policy of permitting a defendant to withdraw a plea of guilty given unadvisedly, when application therefor is duly made in good faith and sustained by proofs, and a proper offer is made to go to trial on a plea of not guilty. The law normally favors trial on the merits, and if the discretion of the trial court is abused in denying leave to withdraw a plea of guilty and going to trial on the merits, the appellate court may interfere.”
We hold, therefore, that the trial judge abused his discretion in denying Jackman’s application to re-establish his not guilty plea and for trial thereon. For the reasons stated, the judgment is reversed and the cause is remanded for further proceedings not inconsistent herewith.
Reversed and remanded.