171 So.2d 473

**Ex parte Arthur B. CLARK.**

**6 Div. 90.**

Court of Appeals of Alabama.

Feb. 2, 1965.

Arthur B. Clark, pro se.

Richmond M. Flowers, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for respondent.

CATES, Judge.

This is an original petition requesting that we order the Circuit Court of Jefferson County to show cause why the petitioner's petition for writ of error coram nobis "can not be acted upon and disposed of."

Coram nobis proceedings are essentially civil in nature and partake of a new action. Brown v. State, 250 Ala. 444, 35 So.2d 518; Ex parte Wilson, 275 Ala. 439, 155 So.2d 611.

In State ex rel. Holcombe v. Stone, 232 Ala. 16, 166 So. 602, per Knight, J.:

" * * * to entitle one to the extraordinary writ of mandamus there must be (a) a clear legal right in the petitioner to the order sought, (b) there must be an imperative duty upon the respondent in the petition for mandamus to perform his duty, and which he has refused to do, (c) there must

not be any other adequate remedy open to petitioner, and (d) the jurisdiction of the court must be duly invoked by proper petition. * * * " ·

No averment is made that petitioner's coram nobis application is a preferred case nor what rank it takes on the circuit court's docket. Of the statutes governing circuit courts, we note:

"§ 115. The circuit courts, or the judges thereof, shall provide, by written direction to the clerks of the circuit courts, for the holding of regular or special sessions of the court; provided, that nothing herein contained shall be construed to prevent the transaction of business by the court at times when the court is not in session, as hereinabove provided for."—Code 1940, T. 13, § 115.

"§ 116. When the court or judge has ordered or directed that a special session of the court be held, the clerk of the court shall, as soon as practicable, notify either the parties or one of their attorneys of record of the date of holding such special session, which notice may be given by personal service or by mailing a letter to each of the parties or to one of his attorneys of record, by the clerk of the court."— Code 1940, T. 13, § 116.

"§ 118. The causes on the dockets for trial shall be called peremptorily at the time fixed by law and at such other times as may be fixed by order of the circuit judge, or the chief justice of the supreme court of Alabama, so that every case, civil or criminal, shall have at least two peremptory calls in every year, and the cases against prisoners shall be called as many more times as may be necessary to secure prompt trials. Appeals from municipal, county and inferior courts shall be preferred cases."—Code 1940, T. 13, § 118.

Rules 1 and 15 of Practice in Circuit and Inferior Courts read:

"1. Order of causes on docket.—The clerk must enter all causes on the proper docket according to the order in which the initial paper was filed with the clerk."

"15. Regulations as to call of docket and trial of cases.—The docket of civil causes for trial shall be called absolutely on the first day of the session, unless the presiding judge shall order otherwise. Each cause shall be taken up according to its priority on the docket, and tried or continued. If passed over, it shall not be called again during the session until the other causes for trial have been disposed of."

█ We cannot take judicial notice of the condition of, nor the standing, relative or other, of cases on, the docket of a circuit court.

█ Since there is no allegation of a refusal to perform an imperative duty, there is no demonstration of a correlative right in the petitioner to entitle him to have the writ issued.

Writ denied.