**Ex parte Leon GOODMAN.**

**I Div. 150.**

Court of Appeals of Alabama.

April 5, 1966.

Leon Goodman, pro se.

Richmond M. Flowers, Atty. Gen., and John C. Tyson, III, Asst. Atty. Gen., for the State.

CATES, Judge.

This original action was submitted March 24, 1966.

Goodman complains that some sixty days beforehand he had a hearing in the Monroe Circuit Court on his petition for a writ of error coram nobis and that the matter is still under advisement.

Court congestion is a frequently heard criticism of our system of public justice. A reference to Dean Pound's 1906 St. Paul Address, "Causes of Popular Dissatisfaction with the Administration of Justice," is of cold, if not cruel, comfort to a pauper convict.

On the other hand, we must point out that Goodman presumably has had a day in court, since we seriously doubt if the penitentiary warden has been hoaxed by a spurious mittimus from a circuit court.

I.

The jurisdiction of this court is essentially statutory. Here, Code 1940, T. 13, § 89, is pertinent. It reads:

"§ 89. The said court of appeals shall have and exercise original jurisdiction in the issuance and determination of writs of quo warranto and mandamus in relation to matters in which said court has appellate jurisdiction. It shall have authority to issue writs of injunction, habeas corpus and such other remedial and original writs as are necessary to give it a general superintendence and control of jurisdiction inferior to it and in matters over which it has final appellate jurisdiction; to establish rules of practice in such court; to punish for contempts by the infliction of a fine as high as one hundred dollars, and imprisonment not exceeding ten days, one or both, and to exercise such other powers as may be given to such court by law."

■ Unlike our senior brethren, we derive from the State's organic law no grant of "original jurisdiction" for general superintendence of trial courts. Vide Constitution 1901, § 140.

Hence, to activate this court to superintend a lower court, the petitioner must, inter alia, show that the writ sought is in relation to a matter in which this court has appellate jurisdiction.

■ Our coram nobis jurisdiction in criminal actions is confined to (1) misdemeanor convictions, and (2) those for felonies where the punishment has been fixed at twenty years or under Code 1940, T. 13, § 86.

This is different from habeas corpus, because § 86, supra, puts no words of qualification or limitation as to our having final appellate jurisdiction of habeas corpus. Robertson v. State, 20 Ala.App. 514, 104 So. 561 (hn. 13).

II.

Conclusion

■ We conclude that in respect of matters ancillary to another ancillary matter such as here where (1) mandamus is sought for (2) coram nobis to correct (3) an original trial felony judgment of conviction, it is a condition precedent that the pleading show that the original trial felony judgment resulted in a punishment fixed at twenty years or under.

The instant petition does not indicate that Goodman is in prison. This latter status might be inferable from the identity of the notary public before whom he executed his pauper's oath. Too, the State has served a copy of its motion to strike on Goodman addressed, postage prepaid, to him at "Route 3, Box 115, Kilby Prison, Montgomery."

The Attorney General has moved us to strike the petition on the unsupported allegation that the Monroe Circuit Court has a "heavy work load." We do not think this alone is sufficient as an affirmative allegation. Rather the State should require the petitioner to show that his cause has priority over pending matters. Ex parte Davis, 42 Ala.App. 549, 171 So.2d 263.

It follows that it is unnecessary to take up the motion to strike since the petition is due to be

Denied.