190 So.2d 742

**Ex parte Charles McELHANNON.**

**6 Div. 229.**

Court of Appeals of Alabama.

Sept. 27, 1966.

Charles McElhannon, pro se.

Richmond M. Flowers, Atty. Gen., for the State.

CATES, Judge.

We have two original petitions: *first,* for habeas corpus (without averment that a circuit court has refused to entertain same); and, second, for mandamus either against the Circuit Court of Montgomery County or that of Jefferson County. Both are without merit.

I.

Cumulative sentences in Alabama must be served consecutively unless the sentencing court's judgment shows in the minutes that it is expressly stated that service is to be concurrent.

Federal cases relating to Federal court sentences are beside the point.

McElhannon contends that a convict on whom a further sentence is passed is entitled to have a direction that the later sentence is to begin on expiry of prior sentences. This contention puts the cart before the horse.

II.

The petition for mandamus is incoherent as to respondent and as to how habeas cor-

pus in the Montgomery Circuit Court can run to the warden of a prison in Escambia County.

References to President Theodore Roosevelt's appointment of Oliver Wendell Holmes, Jr., is not connected with the instant proceeding save possibly as an appeal to a brooding omnipresent justice residing in the sky.

### III.

 Moreover, McElhannon fails to show that the sentences were for convictions which would have been appealable to this court. Ex parte Goodman, ante p. 183, 185 So.2d 146, is authority for denying mandamus in such case.

Dismissed.