190 So.2d 743

**Ex parte Fred L. ALDRIDGE.**

**6 Div. 220.**

Court of Appeals of Alabama.

Sept. 27, 1966.

Fred L. Aldridge, pro se.

Richmond M. Flowers, Atty. Gen., and John C. Tyson, III, Asst. Atty. Gen., for respondent.

CATES, Judge.

This is an original action for mandamus to expedite a second coram nobis proceeding in the Circuit Court of Fayette County.

### I.

 The former hearing led to an appeal to the Supreme Court. See Aldridge v. State, 278 Ala. 470, 179 So.2d 51.

That opinion affirmatively states that Aldridge is serving a life sentence in the penitentiary.

In Ex parte Goodman, ante p. 183, 185 So.2d 146, we said:

"The jurisdiction of this court is essentially statutory. Here, Code 1940, T. 13, § 89, is pertinent. It reads:

" '§ 89. The said court of appeals shall have and exercise original jurisdiction in the issuance and determination of writs of quo warranto and mandamus in relation to matters in which said court has appellate jurisdiction. It shall have authority to issue writs of injunction, habeas corpus and such other remedial and original writs as are necessary to give it a general superintendence and control of jurisdiction inferior to it and in matters over which it has final appellate jurisdiction; to establish rules of practice in such court; to punish for

contempts by the infliction of a fine as high as one hundred dollars, and imprisonment not exceeding ten days, one or both, and to exercise such other powers as may be given to such court by law.'

"Unlike our senior brethren, we derive from the State's organic law no grant of 'original jurisdiction' for general superintendence of trial courts. Vide Constitution 1901, § 140.

"Hence, to activate this court to superintend a lower court, the petitioner must, inter alia, show that the writ sought is in relation to a matter in which this court has appellate jurisdiction.

"Our coram nobis jurisdiction in criminal actions is confined to (1) misdemeanor convictions, and (2) those for felonies where the punishment has been fixed at twenty years or under Code 1940, T. 13, § 86.

\* \* \* \* \* \*

"We conclude that in respect of matters ancillary to another ancillary matter such as here where (1) mandamus is sought for (2) coram nobis to correct (3) an original trial felony judgment of conviction, it is a condition precedent that the pleading show that the original trial felony judgment resulted in a punishment fixed at twenty years or under."

## II.

We note that the only claim of violated right is as to a claim of illegal search and seizure.

*Aldridge,* supra, indicates a trial leading to judgment in February, 1961. Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081, was not handed down until June 19, 1961. Mapp v. Ohio is not retrospective. Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601.

## III.

The petition is

Dismissed.