209 So.2d 431

**Ex parte Godfrey I. VINCENT.**

**1 Div. 328.**

Court of Appeals of Alabama.

April 2, 1968.

---

Godfrey I. Vincent, pro se.

MacDonald Gallion, Atty. Gen., opposed.

CATES, Judge.

This is a hand printed petition for an original writ of mandamus to make the Baldwin Circuit Court get up a record. The petition states that Vincent was refused a writ of error coram nobis.

However, in his petition he deliberately bypasses the jurisdiction of this court. His scribe or amanuensis having left a blank space wherein the petition asks our "review of all the facts and the illegality of a —— years sentence that was impose [sic] by the Circuit Court," Vincent, who filled in all the other blanks, left the space unfilled.

In Ex parte Goodman, 43 Ala. App. 183, 185 So.2d 146, we said in pertinent part:

"The jurisdiction of this court is essentially statutory. Here, Code 1940, T. 13, § 89, is pertinent. It reads:

" '§ 89. The said court of appeals shall have and exercise original jurisdiction in the issuance and determination of writs of quo warranto and mandamus in relation to matters in which said court has appellate jurisdiction. It shall have authority to issue writs of injunction, habeas corpus and such other remedial and original writs as are necessary to give it a general superintendence and control of jurisdiction inferior to it and in matters over which it has final appellate jurisdiction; to establish rules of practice in such court; to punish for contempts by the infliction of a fine as high as one hundred dollars, and imprisonment not exceeding ten days, one or both, and to exercise such other powers as may be given to such court by law.'

"Unlike our senior brethren, we derive from the State's organic law no grant of 'original jurisdiction' for general superintendence of trial courts. Vide Constitution 1901, § 140.

"Hence, to activate this court to superintend a lower court, the petitioner must, inter alia, show that the writ sought is in relation to a matter in which this court has appellate jurisdiction.

"Our coram nobis jurisdiction in criminal actions is confined to (1) misdemeanor convictions, and (2) those for felonies where the punishment has been fixed at twenty years or under. Code 1940, T. 13, § 86.

"This is different from habeas corpus, because § 86, supra, puts no words of qualification or limitation as to our having final appellate jurisdiction of habeas corpus. Robertson v. State, 20 Ala.App. 514, 104 So. 561 (hn. 13).

"II.

"Conclusion

"We conclude that in respect of matters ancillary to another ancillary matter such as here where (1) mandamus is sought for (2) coram nobis to correct (3) an original trial felony judgment of conviction, it is a condition precedent that the pleading show that the original trial felony judgment resulted in a punishment fixed at twenty years or under."

The petition is due to be

Denied.