213 So.2d 413

**Ex parte David F. SYKES.**

I Div. 352.

Court of Appeals of Alabama.

June 28, 1968.

David F. Sykes, pro se.

MacDonald Gallion, Atty. Gen., for the State.

CATES, Judge.

Sykes, a prisoner in the Mobile County jail, wants a writ of mandamus issued to "Respondent," i. e., the State of Alabama.

His petition avers as follows:

"On April 23, 1968, Petitioner forwarded by U.S. Mail, a Motion for Withdrawal of Plea of Guilty to the Mobile County Circuit Court. Petitioner has been available for hearing on this motion and his incarceration in the Mobile County Jail is primarily due to his not having a hearing on this motion.

### "Basis of Petition

"It is the position of Petitioner that the Respondent Court below is dilatory in its duties and should be compelled under the mandate of this Honorable Court to

accord immediate and prompt adjudication of a petition for the great constitutional right to this motion.

*"Conclusion*

"Wherefore, Petitioner respectfully asks this Honorable Court to compel the Court below as respondent herein to instanter adjudicate the Motion for Withdrawal of Plea of Guilty, heretofore filed in this cause."

## I.

In Shellnut v. State, 43 Ala.App. 298, 189 So.2d 587 (where no counsel attended Shellnut on his pleading guilty), this court noted, per Price, P. J.:

"Where a plea of guilty is not freely and voluntarily entered the denial of leave to withdraw the plea and stand trial is an abuse of the court's discretion. Ward v. State, 1945, 156 Fla. 185, 22 So.2d 887."

■■ *Shellnut,* however, because it is an exception, illustrates the general rule which is:

"It is within the sound discretion of the trial court to refuse the withdrawal of a plea of guilty and before such refusal can be reversible error it is encumbent upon the appellant to show that the trial court abused this discretion. When a ruling of the court, refusing withdrawal and nothing else, appears upon the record, there is no reversible error. * * *"—Bricken, P. J., in Smith v. State, 32 Ala.App. 206, 23 So.2d 515.

The time for a motion for leave to withdraw a plea of guilty expires as provided in Code 1940, T. 13, § 119. Woodard v. State, 42 Ala.App. 552, 171 So.2d 462.

■ Nothing is alleged which would take Sykes's case from the influence of the *Smith* rule quoted above. Nothing appears to show whether or not the judgment which might have been entered in the Mobile Circuit Court is still within the breast of the court, i. e., for thirty days from rendition. § 119, supra.

■ Both these reasons support denial of mandamus. In State ex rel. Holcombe v. Stone, 232 Ala. 16, 166 So. 602, we find:

" * * * to entitle one to the extraordinary writ of mandamus there must be (a) a clear legal right in the petitioner to the order sought, (b) there must be an imperative duty upon the respondent in the petition for mandamus to perform his duty, and which he has refused to do, (c) there must not be any other adequate remedy open to petitioner, and (d) the jurisdiction of the court must be duly invoked by proper petition. * * *"

Here Sykes tells us nothing that puts his cause in the categorical imperative. Nothing tells us his motion is to be preferred over all other matters pending before the seven judges of the trial bench; nor as to its rank on the docket.

■ We cannot for obvious reasons take judicial notice of the condition of, nor the standing of cases on, the docket of a trial court. Ex parte Clark, 42 Ala.App. 562, 171 So.2d 473.

■ Moreover, mandamus is not a substitute for an appeal. Ex parte Roberson, 43 Ala.App. 354, 190 So.2d 566. Until we are confronted with an express refusal to perform a duty then and there made mandatory by law, we do not have the stuff to fashion a writ of commandment. Here essentially we have nothing but a wish, perhaps wishful thinking.

Also, we fail to find anything inordinate in a claimed delay of thirty-four days. Sykes would not have gone to jail in the

manner claimed if he had but kept his mouth shut in open court. Code 1940, T. 15, § 276, provides·

"§ 276. If a defendant, when arraigned, refuses or neglects to plead, or stands mute, the court must cause the plea of not guilty to be entered for him."

## II.

A final reason to refuse consideration of the petition is found in Ex parte Goodman, 43 Ala.App. 183, 185 So.2d 146. For aught that appears, Sykes may have plead guilty to a first degree murder indictment; or, on an appeal de novo, to a breach of a city ordinance against spitting on a public sidewalk. We are not permitted to heed his petition extrasensorily.

The petition is

Denied.

JOHNSON, J., not sitting.