227 So.2d 141

**Jerry M. KELLY**

v.

**STATE.**

**4 Div. 24.**

Court of Criminal Appeals of Alabama.

Oct. 7, 1969.

Jerry M. Kelly, pro se.

MacDonald Gallion, Atty. Gen., and Walter S. Turner, Asst. Atty. Gen., for the State.

ALMON, Judge.

This is an appeal from the denial of appellant's petition for writ of error coram nobis.

Appellant's sole contention is that he was insane at the time of trial and sentence. After pleading not guilty and not guilty by reason of insanity, a jury found him guilty of assault with intent to murder.

■ He insists the trial judge should have permitted him to have been examined by a commission on lunacy in accordance with Tit. 15, § 425, Code of Alabama, 1940. This contention is untenable for two reasons: (1) he was not charged with a capital offense, and (2) § 425, supra, is discretionary and not mandatory. Ex parte State ex rel. Patterson, 268 Ala. 524, 108 So.2d 448; Aaron v. State, 271 Ala. 70, 122 So.2d 360; Eaton v. State, 280 Ala. 659, 197 So.2d 761.

■ Although his petition only mentions § 425, the record indicates that the attorney representing appellant at the hearing based his argument on the failure of the court to comply with § 426, Tit. 15, Code of Alabama, 1940, instead of § 425. § 426 is also within the sound discretion of the trial judge and his action is not reviewable on appeal except for abuse of discretion. Pearson v. State, 41 Ala.App. 366, 133 So. 2d 60.

■ In any event these matters should have been raised on appeal rather than on a coram nobis. See Smith v. State, 245 Ala. 161, 16 So.2d 315, where the Supreme Court has said:

"The office of the writ of error coram nobis is to bring to the attention of the court for correction an error of fact, one not appearing on the face of the record, unknown to the court or the party affected, and which, if known in season, would have prevented the rendition of the judgment challenged. 24 Corpus Juris Secundum, Criminal Law, § 1606, page 143; Lamb v. State, 91 Fla. 396, 107 So. 535; House v. State, 130 Fla. 400, 177 So. 705."

See also Johnson v. Williams, 244 Ala. 391, 13 So.2d 683, where the court said:

"The authorities are uniform that the 'writ of error coram nobis does not lie to enable accused to question the merits of the case, hence does not lie to correct an issue of fact which has been adjudicated, even though wrongly determined.' 24 C.J.S., Criminal Law, § 1606, p. 149. And errors concerning facts known to the court with reference to which the court acted at the time of the trial are not reviewable. 24 C.J.S., Criminal Law, § 1606, p. 148."

Therefore, the judgment of the lower court is due to be and the same is hereby

Affirmed.