OWEN, Judge
(dissenting).
The appellant had originally pleaded not guilty to the charge of possession of marijuana, but subsequently changed his plea to guilty on the advice of his retained counsel. Following a presentence investigation, appellant was sentenced to three years in the state prison whereupon he filed his motion to set aside the judgment and sentence with leave to withdraw his guilty plea. That motion having been denied, the issue on this appeal is whether such denial was an abuse of the trial court’s discretion.
The majority views the factual situation in this case as one which is typical of a defendant pleading guilty on the basis of a promise of leniency, or at least in hope of receiving a favorable sentence, who thereafter seeks to withdraw the guilty plea when the sentence does not conform to that which he had thought or hoped it might be. I view the factual situation here as one typical of a defendant who enters a guilty plea entirely as a result of an honest mistake, misunderstanding or misapprehension on the part of the attorneys who advised appellant to change his plea to guilty.
Appellant was a college student with no prior criminal record. His counsel learned from a conference with the judge in chambers that in cases involving possession of marijuana by a youthful first offender, where the presentence investigation came back “clean”, the judge usually had placed the offender on probation and had withheld permanent adjudication, and furthermore, that the judge would be inclined to follow this practice in appellant’s case if the facts so justified. At that particular point an honest misunderstanding on the part of counsel had developed, although it did not come to light until the hearing on appellant’s motion to set aside the judgment and sentence and withdraw the guilty plea. The judge had stated that he usually followed the foregoing practice in those cases involving possession of a small quantity of marijuana intended to be used solely by the possessor, but that he did not follow the practice in those cases where the quantity was sufficient .to supply others with marijuana. When the judge made reference to a “small amount,” appellant’s attorneys conceived the impression that the quantity which was allegedly found in the possession of appellant (amounting to one-half ounce) was encompassed within that *165 term. Acting upon this misconception, the attorneys carefully queried their client as to his past record and upon learning that he had not had any other violation, even so much as a minor traffic offense, they were satisfied that the presentence investigation would come back “clean”. Being thus satisfied that upon their client entering a guilty plea he would be placed on probation with permanent adjudication withheld, the attorneys advised the appellant to change his plea to guilty.
From the record before us, I am satisfied that appellant would not have changed his plea except for the advice of his attorneys. This advice was a result of an honest misunderstanding on their part, erroneous as it may have been, that under the circumstances the court would place the defendant on probation and permanently withhold adjudication. The factual situation here very closely parallels that which existed in Banks v. State, Fla.App. 1962, 136 So.2d 25. On the authority of that case, as well as Jackman v. State, Fla.App.1964, 160 So.2d 554, I would hold that the ends of justice would best be served by vacating the judgment and sentence and remanding this cause with instructions that appellant be permitted to withdraw the plea of guilty and plead anew.