237 So.2d 118

**Emory O'Neal BERTRAND**

v.

**STATE.**

**3 Div. 16.**

Court of Criminal Appeals of Alabama.

June 16, 1970.

Everette A. Price, Jr., Brewton, for appellant.

MacDonald Gallion, Atty. Gen., and Lloyd G. Hart, Asst. Atty. Gen., for the State.

PRICE, Presiding Judge.

This appellant stands convicted of the offense of indecent molestation of a child under sixteen years of age. Title 14, Sec. 326(2) Code of Alabama 1940. (Pocket part) His punishment was fixed at imprisonment for five years.

**8**

The sufficiency of the evidence to support the verdict is not presented for our review.

Without dispute, appellant, a white man posing as a health officer, forced a thirteen year old Negro girl at gun point into a bedroom of her home and ordered her to undress from her waist up, which she did. After feeling her breasts he went out of the room and told her grandmother she did not have a "disease."

Defendant did not testify as a witness and offered no evidence in his behalf.

Defendant was indicted on February 18, 1969, and was arrested the next day. Prior to arraignment on February 21, 1969, the defendant informed the court that he was indigent and unable to employ an attorney. The court appointed the Honorable Everette A. Price, Jr., and William D. Melton as attorneys to represent the defendant. On March 12, 1969, when the case came on for trial, Mr. Price announced to the court that he had received a telephone call from a Mobile attorney at 4:15 the previous afternoon, stating he had been retained by defendant's mother to represent defendant; that he had not had an opportunity to confer with defendant and prepare the case for trial; that he was involved in criminal defense cases in Mobile and was unable to appear in court in Conecuh County. He asked that the court be requested to continue the case and suggested that defendant be transferred to the criminal detention ward at Bryce Hospital pending resetting of the case. The court denied the request and refused a continuance.

■■ We find no error in this ruling. The provision for investigation into the sanity of a defendant is not mandatory, but is within the sound discretion of the trial judge, whose action is not reviewable on appeal except for abuse of such discretion. Pearson v. State, 41 Ala.App. 366, 133 So. 2d 60.

We are of opinion defendant's constitutional rights were not violated by the court's refusal to continue the case on the grounds assigned.

The judgment is affirmed.

Affirmed.