PER CURIAM.
The appellant was charged by information with the crime of aggravated assault. When arraigned he pled not guilty. The public defender was appointed to handle the defense. There was a plea bargaining session between the latter and an assistant state attorney, Mr. Drucker, in which Drucker represented that no recommendation would be made to the court as to sentence to be imposed if a guilty plea was entered on the basis then being bargained for. The offer of the state in that bargaining session was rejected by the defendant, and no agreement was there reached. Sometime within ten days thereafter plea bargaining again was undertaken between counsel for the defendant and another assistant state attorney, Mr. Trackman. On agreement reached therein the defendant withdrew his plea of not guilty and pleaded guilty. At the hearing before the court in which that was done, the statement of counsel for the defendant to the court as to the result of that plea bargaining did not make or include reference to any recommendation by the state as to sentence, or promise of the state relating thereto. On that occasion the court was informed by defendant’s counsel as follows:
“MR. TARKOFF: At this time, we would withdraw our previously entered plea of not guilty and tender a plea of guilty to the court, predicated on the negotiations that we have had with the State, and they would be basically that the Defendant would receive a pre-sen-tence investigation and that the Information that would be revealed by the pre-sentence investigation would be taken into account by the Court as to what the proper sentence would be in this particular case.
“The main reason for this, judge, is because I think there is an alcohol problem behind the whole thing, and I would like the probation officer to have time to research and make some proper recommendations and if treatment is advisable and — ”
The court conducted an adequate inquiry as to the voluntariness of the guilty plea which was being submitted. In the course thereof the defendant was informed by the court that the maximum sentence that could be imposed upon him was imprisonment for a term of five years, and when the defendant was asked by the court whether he knew the court “may impose five years”, the defendant responded in the affirmative. The court then accepted the plea of guilty, and ordered the pre-sentence investigation.
Some thirty days later the matter came before the court for imposition of sentence, *924 following the pre-sentence investigation and presentation of the result or report thereof to the court, which included a recommendation by the assistant state attorney Trackman with reference to sentence to be imposed. Counsel for the defendant, prior to the imposition of sentence, moved the court to withdraw the guilty plea, and for reinstatement of the plea of not guilty and for trial thereon. The grounds asserted were the state’s recommendation as to sentence, and the circumstance that the pre-sentence report was less favorable to the defendant than had been expected of it by defendant’s counsel.
The court denied the motion to withdraw the guilty plea, adjudged the defendant guilty and imposed the five-year sentence. From that judgment and sentence the defendant filed this appeal.
The contention relied on by the appellant in seeking reversal, was stated in the appellant’s brief as follows:
“The trial court erred in denying the defendant’s motion to withdraw his guilty plea made prior to the adjudication and sentencing of the defendant where the state failed to fulfill its promise to the defendant not to recommend a prison sentence thereby causing him to be wrongly induced into pleading guilty in violation of the due process clause of the Fourteenth Amendment and Article I, Sections 9 & 16 of the Florida Constitution.”
In support thereof the appellant refers to Rule 3.170(f) RCrP, providing that the court may in its discretion, and shall upon good cause, at any time before sentence, permit a plea of guilty to be withdrawn and allow a plea of not guilty to be substituted. Appellant argues it was an abuse of discretion for the court to deny the motion to withdraw the guilty plea, on the ground that an inducement therein was the promise of the state not to recommend sentence, and that such promise was broken by the state, citing Ward v. State, 156 Fla. 185, 22 So.2d 887, Santobello v. New York, 404 U.S. 257, 260, 92 S.Ct. 495, 30 L.Ed.2d 427.
The state, not disputing the law thus relied on by the appellant relating to the effect of a broken promise made in a plea bargain, contends it is not applicable in the circumstances of this case. We hold that on this record that contention of the state is correct.
This is not an instance of a second prosecutor attempting to disregard a promise made by another prosecutor in the plea bargaining transaction. In the earlier plea bargaining, in which the promise was made, the defendant refused to plead guilty. The second plea bargaining in which the parties engaged was separate therefrom and did not include a promise relating to recommendation as to sentence, as revealed by the record including the statement made by defendant’s counsel to the court at the time of the entry of the guilty plea.
For the reasons stated we hold no reversible error has been demonstrated, and the judgment and sentence are affirmed.